UNITED STATES v. FRANK.

No. 33546.

United States District Court
N. D. California, S. D.

June 16, 1953.

950

Lloyd H. Burke, U. S. Atty., San Francisco, Cal., for plaintiff.

Pierre J. Ibos, San Francisco, Cal., for defendant.

LEMMON, District Judge.

The Universal Military Training and Service Acts of 1948 and 1951, 50 U.S.C.A. Appendix § 451 et seq., require that if a claim for exemption because of "conscientious objections" is urged, the appeal board *shall* refer the case to the Department of Justice for "inquiry and hearing", and that such officials *shall* make a recommendation to such board.

The question here presented is whether a prior "recommendation" by the Department of Justice somewhere along the line is so necessary a part of the draft procedure that the omission of it amounts to a lack of due process.

1. The Indictment

Filed on April 1, 1953, the indictment charges a violation of Section 12(a) of the Universal Military Training and Service Act, 50 U.S.C.A.Appendix, § 462(a), refusal to submit to induction.

Summarized, the allegations of the indictment are:

The defendant, 20 years old, a registrant of Local Board No. 24 of the Selective Service System in Placerville, El Dorado County, California, hereinafter referred to as "the Local Board", on March 12, 1953, having reported at Placerville for forwarding to an induction station for induction into the armed forces, and having been forwarded to an induction station at San Francisco, California, knowingly refused to submit to induction and to be inducted into the armed forces.

2. Statement of Facts

In his "Classification Questionnaire", filed with the Local Board on October 8, 1951, the defendant stated both that he was "a minister of religion", "regularly" serving as such, and that he was a "Conscientious Objector". He further declared it to be his "opinion" that his classification should be "4D", that of a "Minister of religion or divinity student". See Code of Federal Regulations, 1949 edition, Title 32, National Defense, Section 1622.3, page 791; Id., Packet No. 36, January 5, 1953, page 2, Section 1622.43, under "Amendments" to "1622.2 Classes", page 1.

On October 15, 1951, the defendant filed with the Local Board a "Special Form for Conscientious Objector", in which he stated that he was, "by reason of * * * religious training and belief, conscientiously opposed to war in any form", and was "further conscientiously opposed to participation in noncombatant training or service in the armed forces".

The Local Board gave the defendant a classification of "I-O", on November 29, 1951. On December 8, 1951, he appealed to the Local Board, asking to be allowed to make a "personal appearance", so that he could "forward more information regarding a 4-D classification."

The classification "I-O" assigned to the defendant by the Local Board is thus defined in Section 1622.14 of the Code of Federal Regulations, Packet No. 36, supra, at page 10:

"*Class I-O: Conscientious Objector Available for Civilian Work Contributing to the Maintenance of the National Health, Safety, or Interest.—* . (a) In Class I-O shall be placed every registrant who would have been classified in class I-A but for the fact that he has been found, by reason of religious training and belief, to be conscientiously opposed to participation in war in any form and to be conscientiously opposed to participation in both combatant and noncombatant training and service in the armed forces."

On December 18, 1951, the Local Board granted him a hearing, and denied his appeal.

On January 2, 1952, the defendant's appeal was forwarded to Panel 1 of the Appeal Board for the Northern District of California, sitting at San Francisco. In two statements sent to the Appeal Board, the defendant repeated his claim that he is a minister. "Each of Jehov(a)h's Witnesses is a minister."

On April 1, 1952, the Hearing Officer of the Department of Justice at San Francisco notified the defendant that on April 15, 1952, a hearing would be held before him to consider the defendant's claim of exemption by reason of the defendant's "alleged conscientious objection to participation in war in any form". It will be observed that a hearing on the defendant's appeal seeking a IV–D, or minister's classification, *which was the very purpose of the appeal*, was not mentioned by the Hearing Officer of the Department of Justice. The defendant had already been granted the conscientious objector rating. This perfunctory, form-letter method of handling the defendant's appeal, in addition to the defect hereinafter discussed, throws some light on the question of whether or not due process was observed in those proceedings.

On May 27, 1952, T. Oscar Smith, Special Assistant to the Attorney General of the United States, wrote to the chairman of the Appeal Board in part as follows:

"Under section 6(j), Universal Military Training and Service Act, denial of the conscientious objector claim by the Local Board is a prerequisite to the assumption of jurisdiction by the Department of Justice. In this case the Local Board granted the registrant the conscientious objector classification which he claimed.

"Since the Department of Justice has no jurisdiction in the case, it is being returned to your Board without recommendation."

On July 7, 1952, the Appeal Board wrote to the Local Board, requesting that the defendant be asked six specified questions, and that, "When the information has been obtained, or action taken, and the registrant's classification remains unchanged, the Local Board should return the entire file to the Appeal Board."

On July 16, 1952, the defendant answered the questions, and on August 4, 1952, "the cover sheet and contents" in the defendant's case were returned to the Appeal Board by the Local Board.

On August 20, 1952, the Appeal Board classified the defendant as "1–A"; i.e., as "Available for military service". See Code of Federal Regulations, 1949 Edition, supra, Section 1622.3.

On September 29, 1952, the defendant addressed another letter to the local board, seeking to appeal from "the classification I–A that you have given me". Apart from the irregularity of such a procedure in view of the fact that the Appeal Board had already passed upon his claim, the defendant misstated the facts when he averred that the *Local* Board had given him the classification I–A. It will be recalled that the Local Board had classified the defendant as "1–O".

Under date of October 29, 1952, the Local Board sent a letter to the defendant, properly informing him that, in view of the fact that the Appeal Board had classified him as "1–A", the Local Board had no authority to reconsider his case.

The defendant was ordered to report for induction on March 12, 1953. He reported as ordered, but refused to be inducted. The present indictment resulted.

▮ 3. Before a Selectee's Conscientious Objections are Denied by the Appeal Board, Somewhere Along the Line His Claim for Exemption Must Have Been the Subject of a "Recommendation" by The Department of Justice.

Congress has plainly indicated the role that the Department of Justice *must* play before a claim of conscientious objection is denied by an appeal board.

The pertinent provisions of the Universal Military Training and Service Act of 1948, as amended in 1951, are found in 50 U.S.C.A.Appendix, § 456 (j), as follows:

"* * * Any person claiming ex-

emption from combatant training and service because of such conscientious objections shall, if such claim is not sustained by the local board, be entitled to an appeal to the appropriate appeal board. Upon the filing of such appeal, the appeal board *shall* refer any such claim to the Department of Justice for inquiry and hearing. The Department of Justice, after appropriate inquiry, *shall* hold a hearing with respect to the character and good faith of the objections of the person concerned, and such person *shall* be notified of the time and place of such hearing. The Department of Justice *shall*, after such hearing, if the objections are found to be sustained, *recommend* to the appeal board that (1) if the objector is inducted into the armed forces under this title * * *, he shall be assigned to noncombatant service as defined by the President, or (2) if the objector is found to be conscientiously opposed to participation in such noncombatant service, he shall in lieu of such induction be ordered by his local board, * * *. If after such hearing the Department of Justice finds that his objections are not sustained, it *shall* recommend to the appeal board that such objections be not sustained. The appeal board *shall*, in making its decision, give consideration to, but shall not be bound to follow, the recommendation of the Department of Justice together with the record on appeal from the local board. * * *" (Emphasis supplied.)

A study of the administrative record in the instant case discloses that at no stage of the proceedings did the Department of Justice give the Appeal Board the benefit of its "recommendation" either favorable or unfavorable, regarding the defendant's claim as a conscientious objector. On the contrary, the Department specifically declined to submit any recommendation.

■ It will not do to contend, as has been contended here, that "unless the conscientious objector claim had been denied by the Local Board * * * (the Department of Justice) was not to assume jurisdiction". It is true that the Local Board had allowed the defendant's claim of being a conscientious objector; but it is also true that the Appeal Board disallowed that claim without having had the benefit of a prior "recommendation" of the Department of Justice. As was said last week by the Supreme Court in United States v. Nugent, 346 U.S. 1, 73 S.Ct. 991, 996, the "duty" of that Department "to forward the sound advice, as expeditiously as possible, to the appeal board * * * is an important and delicate responsibility".

Despite the isolated clause in the statute, "if such claim is not sustained by the local board"—a clause upon which the plaintiff so earnestly relies—a reading of the entire subsection (j), supra, convinces this Court that it was the intention of the Congress that where, as here, the Local Board's decision has been favorable to the registrant's claim of conscientious objection, *somewhere along the line* before the Appeal Board decides against that claim, the Department of Justice *must* have made *some* recommendation regarding it. In the instant case, the Appeal Board took it upon itself to reverse the Local Board and deny to the appealing defendant the rating that the latter board had given him, without obtaining a recommendation from the Department of Justice, despite the strong indication in the statute that the Department's recommendation should be secured.

"The letter killeth, but the spirit giveth life." [1]

■ The tendency of the courts is toward a liberal construction of the 1948 and 1951 Selective Service Acts, in favor of selectees. In Ex parte Fabiani, D.C.Pa. 1952, 105 F.Supp. 139, 146–147, the Court said:

"The different objective to be achieved by the new Act behooves us to employ a more liberal standard of judicial review, so as better to protect the rights of the individual. Should— which God forbid—world tensions increase greatly or should general war

1. II Corinthians 3:6.

come, then the judicial arm can once again cut to the barest minimum its supervision of the operations of the draft." [2]

In Knox v. United States, 9 Cir., 1952, 200 F.2d 398, 401, decided six months ago, our Court of Appeals thus summarized the judicial attitude regarding administrative failure to protect a selectee's procedural rights:

"So far as we are aware it is the uniform view of the courts passing on the subject that failure to accord a registrant the procedural rights provided by the Regulations invalidates the action of the draft board."

A fortiori, failure of the Appeal Board to carry out the clearly indicated policy of the Selective Service Act itself is fatal to a prosecution under that Act.

4. Conclusion

Because of the Appeal Board's failure to obtain a recommendation from the Department of Justice before rendering an adverse ruling on the defendant's claim of conscientious objections, "to participation in war in any form", the Court finds that due process was not observed in the instant case.

Accordingly, the court finds the defendant not guilty. Judgment of acquittal is ordered.

2. See also United States v. Graham, D.C.N.Y.1952, 108 F.Supp. 794, 797.