Vern George **DAVIDSON**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 14356.

United States Court of Appeals,
Ninth Circuit.

Dec. 27, 1954.

Rehearing Denied Feb. 11, 1955.

J. B. Tietz, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Cecil Hicks, Jr., Louis L. Abbott, Manuel L. Real, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before MATHEWS and ORR, Circuit Judges, and WIIG, District Judge.

WIIG, District Judge.

Davidson was charged and convicted of the offense of knowingly refusing to submit to induction under the Universal Military Training and Service Act. He now claims that he was denied his rights to procedural due process because on the second "appeal" of his case to the appeal board no hearing was conducted by the Department of Justice as required in the cases of appeals by registrants professing conscientious objection to military training and service.

An examination of Davidson's file reveals the following:

In his classification questionnaire filed with his local board in Los Angeles County, California, he qualified his claim

of conscientious objection to war with the following statement:

"It will be noted that I have signed series XIV.

"I would like to make my position clear. I do conscientiously object to war and to conscription for any reason. But my beliefs are not religious, they are basicly political. As a political objector I shall resist this totalitarian move by my own country as I would resist it in any other country. My position is briefly stated in the attached newspaper article by myself. If after considering these facts the board feels that they wish to send me the form for conscientious objectors, I will be glad to fill it out and return it to the board with the understanding that my objectuons are not religious but political." (So in the original.)

In the special form for conscientious objector, Davidson did not sign his name in the appropriate place for claiming exemption, but instead made a notation "Statement attached," and in answer to the question whether he believed in a Supreme Being, his answer was "No." Also, in answer to the question as to whether he was a member of a religious sect or organization, his answer was in the negative. Thereafter, by unanimous vote, he was classified I–A, and notice of the classification was mailed to him on July 13, 1950. Twelve days after receipt of this notice by Davidson, the local board received a letter from him in which he restated his views and requested an appeal of his classification. Nowhere in that letter, or in his file, is it stated that he was a registrant claiming by reason of religious training and belief to be conscientiously opposed to participation in war in any form and by virtue thereof to be conscientiously opposed to combatant training and service in the armed forces. The local board, however, honored his request and forwarded his file to the appeal board. Davidson's case was referred to the Department of Justice, which, after an investigation and hearing, wrote the appeal board, recommending that Davidson be not classified as a conscientious objector. By unanimous vote, the appeal board placed him in Class I–A, and notice of such classification was mailed to the registrant.

An order to report for induction, dated February 19, 1951, was mailed to Davidson, but induction was postponed until June 15, 1951, because he was a student. On September 7, 1951, Davidson was notified that as the reasons for his postponement no longer existed, he was ordered to report for induction on September 18, 1951. By letter dated September 8, 1951, received by his local board two days later, the board was advised as follows:

"This letter was intended to appeal my classification as 1A, but since before the ten days for appeal had ellapsed I have recieved an induction notice, I will address my appeal to the induction notice. (So in the original.)

"This then is a formal appeal for a postponement from the notice to appear for induction at 8 A.M. the 18th of September 1951."

The local board apparently treated Davidson's last letter as a claim for appeal under 32 C.F.R. § 1626.25, his file was sent to the appeal board, and thence to the United States Attorney for the purpose of securing an advisory recommendation from the Department of Justice. His induction was postponed until further notice. On the second "appeal," no hearing was conducted by the Department of Justice, but that Department again recommended to the appeal board that he be not classified as a conscientious objector. The appeal board repeated its former action, as did the local board, and a new order to report for induction, dated October 1, 1952, was sent to the registrant, ordering him to report for induction on October 17, 1952. The indictment and conviction resulted from his refusal to be inducted into the armed forces under the foregoing order.

Davidson conceded that he had no complaint to make in connection with the first appeal, but claims that his denial of due process arose out of the proceedings after the last postponement of his induction, dated September 15, 1951.

A careful examination of Davidson's file fails to reveal that at any time from the date of his registration he claimed by reason of religious training and belief that he was conscientiously opposed to participation in war in any form and by virtue thereof that he conscientiously opposed combatant training and service in the armed forces. He does not believe in a Supreme Being, nor is he a member of a religious organization. His objections to war are best stated in his own words:

"* * * my beliefs are not religious, they are basicly political. As a political objector I shall resist this totalitarian move by my own country as I would resist it in any other country." (So in the original.)

and

"I am not a member, or would I be considered a follower of any religion or religious sect. I do not believe in the existence of a supreme being. My allegiance is not to any god or any country, it is to humanity as a whole. * * *

"This cannot be classified, then, as religious objection to war. If my objections are criminal because they are based on rationality instead of superstition, then it must be so, * * * My refrences are not to substantiate any religious beliefs but rather my humanitarian and philosophical views." (So in the original.)

■ Whether or not the local board, on the basis of the evidence before it, was justified in honoring Davidson's appeal in 1950 is presently of no moment except to say that after full compliance with the special provisions involving claims that he was a conscientious objector, it was determined that his claim was without merit. He was originally classified as I–A, and that classification has never been changed. While it may be true that the provisions for appeal in the Selective Service System should be liberally construed so as not to deny to a registrant the right to have his bona fide claims carefully considered, still the regulations should not be construed to give such registrant rights which were non-existent. The only efforts to seek a change of classification which we need to consider are contained in his requests for appeal made to the local board, and significantly the last request was not for a change in classification, which Davidson admitted came too late, but was "a formal appeal for a postponement from the notice to appear for induction * * *" Nowhere in the regulations is there a provision for appeal by a registrant for postponement of an order to report for induction. To the contrary, it appears in 32 C.F.R. § 1626.2 (d) that appeals from any classification of a registrant must be filed prior to the date the local board mails to the registrant an order to report for induction.

Query: Does the local board's error in going through the procedure of granting to Davidson an abortive appeal give him the rights to procedural due process, the denial of which he now complains? The answer is "No."

■■ The record here discloses that after the registrant's appeal in 1950, no additional evidence was brought to the attention of the local board which would in any way affect his classification as I–A. The record reveals only that there was a postponement of his induction for the purpose of continuing his studies, and this postponement was cut short because of his failure to satisfactorily pursue his course of instruction as a fourth-year university student majoring in political science. The record submitted to the appeal board contained noth-

ing new which could affect its prior decision. An alert hearing officer first saw the mistake and advised Davidson that he was not entitled to a second hearing because he had already had one. The Department of Justice notified the appeal board that there was no new evidence which altered its previous recommendation that the registrant's conscientious objector claim be not sustained. We are of the view that this conclusion was correct and it was not incumbent upon the Department to grant Davidson a hearing on this second occasion of his appearing before the hearing officer.

"The statute does entitle the registrant to a 'hearing,' and of course no sham substitute will meet this requirement; but we do not think that the word 'hearing'—when put in the context of the whole scheme for review set forth in § 6(j)—comprehends the formal and litigious procedures which respondents' interpretation would attribute to it. Instead, the word takes its meaning in this instance from an analysis of the precise function which Congress has imposed upon the Department of Justice in § 6(j)." United States v. Nugent, 346 U.S. 1, 7–8, 73 S.Ct. 991, 995, 97 L.Ed. 1417.

Nor does the word "appeal" as used in § 6(j) of the Universal Military Training and Service Act, Title 50 U.S. C.A.Appendix § 456(j), comprehend the legal niceties which this registrant urges. To require appeal boards and the Department of Justice to consider and reconsider cases of this nature at the whim of the registrants would unnecessarily tend to confuse the appellate procedures and would be violative of the system set forth with preciseness in § 6(j).

Appellant has urged other contentions in connection with his trial. We have examined them with care and find them to be without merit.

We find no error in the record and the judgment is affirmed.