**UNITED STATES of America,
Plaintiff,**

v.

**Donald Glenn THOMAS, Defendant.
No. 55–CR–13.**

United States District Court
E. D. Wisconsin.
March 19, 1956.

428

Edward G. Minor, U. S. Atty., by Howard W. Hilgendorf, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

Anna Mae Davis, Madison, Wis., for defendant.

GRUBB, District Judge.

The Indictment charges the defendant with a violation of the Universal Military Training and Service Act, as amended 50 U.S.C.A.Appendix, § 451 et seq., and the rules and regulations thereunder in that he wilfully, knowingly and unlawfully neglected and failed to submit to induction into the armed forces of the United States in violation of Title 50 U.S.C.A.Appendix, § 462.

The defendant claims that after referral of his claim for a conscientious objector classification by the local board to the appeal board and then by the appeal board to the Department of Justice "for inquiry and hearing" pursuant to Title 50, Appendix, § 456(j), the Department in the person of the United States Attorney for the Southern District of California returned the record to the appeal board without having conducted the required inquiry or having given the required hearing, all in violation of the defendant's right to procedural due process.

The defendant waived a jury and the trial was had before the Court. Defendant's entire selective service file is put into evidence.

The important facts in the case are that the defendant registered with his selective service board at Downey, California, on September 16, 1948. The defendant was classified and had a classification of 1-A-O on July 13, 1950. The board received the defendant's appeal from the 1-A-O classification on September 8, 1950. The defendant was subsequently classified 2-A on December 13, 1950, and 2-A-S on August 28, 1951. Following this the defendant was re-

classified to 1-A on May 14, 1952, and the board received his appeal from that classification on May 22, 1952. The defendant was then classified 1-A by action of the appeal board on September 4, 1952.

The local board received the defendant's appeal from the classification on the grounds that he was entitled to a conscientious objector classification on October 17, 1952, and the file was delivered to the appeal board on November 19, 1952. December 31, 1952, the appeal board forwarded the file to the United States Attorney under 32 C.F.R. 1626.25. November 27, 1953, the file was returned to the appeal board by the United States Attorney together with a letter stating that the Department of Justice had no jurisdiction to conduct the inquiry and hearing in this case on the ground that the registrant was obviously unentitled to the conscientious objector classification. After the receipt of that letter the appeal board finally classified the defendant 1-A on December 18, 1953.

The state of the selective service file of the defendant at that time indicated that he did not believe in a Supreme Being, that he belonged to no religious cult or organization out of which membership his beliefs arose, and that his conscientious objection was based upon political or philosophical grounds. After the defendant's classification as 1-A on December 18, 1953, the registrant's file was transferred to his local board in Madison, Wisconsin, together with an order that the defendant report for induction. On January 19, 1954, the defendant appeared at the induction center and refused to submit to induction, upon which this prosecution was begun.

The government relies heavily upon Davidson v. United States, 9 Cir., 1955, 218 F.2d 609 and 9 Cir., 1955, 225 F.2d 836, certiorari denied 350 U.S. 887, 76 S.Ct. 142, to establish the proposition that a selective service registrant who does not believe in a Supreme Being, who belongs to no religious cult or organization, and whose conscientious objection is based upon political or philosophical grounds is so clearly not entitled to the 1-A-O classification that he has no right to even one inquiry and hearing by the Department of Justice upon reference by the appeal board.

The Davidson case [218 F.2d 611], in fact, holds only that following one hearing by the Department of Justice on the registrant's claim for re-classification to a conscientious objector classification in which it was determined that the claim was without merit, where the registrant makes a second appeal for postponement of induction giving no additional evidence to the local board than it had in the first appeal, the Justice Department is justified in recommending that the registrant not be classified as a conscientious objector without hearing. The case treats this second appeal as not even falling within the right given in Section 456(j):

"Nowhere in the regulations is there a provision for appeal by a registrant for postponement of an order to report for induction."

"Query: Does the local board's error in going through the procedure of granting to Davidson an abortive appeal give him the rights to procedural due process, the denial of which he now complains?

The answer is 'No.'"

In any case, even supposing the case involved a situation where the appeal was really for re-classification, this United States Attorney's summary treatment of the referred claim was warranted by the fact that in the Davidson case

"the record submitted to the appeal board contained nothing new which could affect its *prior* decision." (Emphasis supplied.)

A second case submitted by the government as supporting the proposition that a registrant is not prejudiced in being denied "inquiry and hearing" where his claim is outside the statute is United States v. De Lime, 3 Cir., 1955, 223 F.2d 96. In this case the court

held that the registrant was not prejudiced in not being given a fair résumé of the F. B. I. report *following his hearing* before the Department of Justice since it would not have assisted him in presenting rebutting testimony to the appeal board which ultimately rejected the registrant's claim. The court held upon the ground that the rejection was in any case necessitated by the registrant's own statements that he did not believe in a Supreme Being and was not objecting religiously. This case does not in any way suggest that a claimant for a conscientious objector classification may be denied his right to a Justice Department hearing.

■ The statutory requirement is clear and mandatory. The statute applicable reads in part:

"Any person claiming exemption from combatant training and service because of such [that is, as previously defined] conscientious objections *shall*, if such claim is not sustained by the local board, be entitled to an appeal to the appropriate appeal board. Upon the filing of such appeal, the appeal board *shall* refer any such claim to the Department of Justice for inquiry and hearing. The Department of Justice, after appropriate inquiry, *shall* hold a hearing with respect to the character and good faith of the objections of the person concerned, and such person *shall* be notified of the time and place of such hearing." Title 50 U.S.C.A.Appendix, § 456 (j). (Emphasis supplied.)

The Justice Department "inquiry and hearing" actually amounts to an F. B. I. investigation and an interview by a hearing officer with the registrant. Among the things to be determined by the Department of Justice is "character and good faith of the objections of the person concerned." This provision specifically precludes the Justice Department from refusing jurisdiction of the registrant's claim on precisely the conclusion that the hearing is designed to establish. The Department of Justice in this whole proceeding occupies a position very much like a fact-finding body with no discretion to accept or to disallow claims submitted to it for investigation. The Justice Department makes no determination other than to submit a recommendation to the appeal board. It is this board that determines a classification which the courts may not overturn if there is a basis in fact. Gonzales v. United States, 1955, 348 U.S. 407, 75 S.Ct. 409, 99 L.Ed. 467. The Davidson case which supported the United States Attorney's summary disposition of a referred claim without hearing is upon the ground that the claim presents no new facts that were not already investigated at a prior hearing.

■ Under the present statute at the stage of the proceedings where the claim has been referred to the Justice Department, no exercise of discretion may be exercised by that Department to refuse jurisdiction where no hearing has yet been had on the claim the registrant's own statement notwithstanding. It is only after the first claim has been denied that substantially similar claims may be rejected, and then it is the court's place to uphold the Department of Justice's action on the ground that the registrant is not prejudiced in being denied a hearing that he has had once and from which the Department's recommendation was made and was factually supported.

The Selective Service Act and accompanying regulations are not without their complications for even judicial interpretation. To a very greater extent must the registrant find himself at a loss to understand his rights and the procedures available to him despite the presumption that he is aware of the law. Where the law is clear and mandatory in requiring a procedure for the benefit of the registrant, it must be followed.

If Congress had intended that discretion should rest with the Department of Justice to refuse a hearing, it could

have employed different language such as in cases "where doubt exists" or "in cases where a substantial factual controversy exists." It could have used the word "may" instead of "shall."

Congress may well have considered that these young men subject to the selective service law are usually not familiar with the law and the many regulations under it. It may well have made the hearing by the Department of Justice mandatory with the idea in mind that the registrant should have that additional opportunity to advance anything that he overlooked advancing previously in answer to his questionnaire. For all of which foregoing reasons the Court must reject the government's contention and find in favor of the defendant. It is the Court's finding that the defendant is not guilty of the crime charged in the Indictment.