James C. SANDNER, Jr., Appellant,

v.

UNITED STATES of America, Appellee.

No. 15465.

United States Court of Appeals Ninth Circuit.

Sept. 24, 1957.

Edgar G. Wenzlaff, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Louis Lee Abbott, John K. Duncan, Lloyd F. Dunn, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before ORR, and BARNES, Circuit Judges, and GOODMAN, District Judge.

ORR, Circuit Judge.

In the year 1949, Appellant registered as required by the selective service laws of the United States. In doing so he claimed classification as a conscientious objector. This classification was denied him by the local board, and he was classified 1-A. He took an appeal. The classification of 1-A was affirmed by the Appeal Board. He was thereafter called up for induction but refused to submit to induction, and was thereafter indicted for such refusal. This indictment was subsequently dismissed because of certain administrative procedural defects. Appellant was again reclassified 1-A and took a second appeal.

On his second appeal from a classification of 1-A, appellant's case was referred to the Department of Justice for investigation and recommendation under § 6(j) of the Selective Service and Training Act, 50 U.S.C.A.Appendix § 456(j). A hearing was had and a report made by the Department of Justice to the Appeal Board, wherein it was recommended that appellant be denied a classification of Conscientious Objector. No résumé of the evidence compiled during the F.B.I. investigation was furnished Appellant at this time.

Subsequent to the affirmance by the Appeal Board of the local board's classification of Appellant as 1-A, the Supreme Court of the United States rendered opinions in the cases of Simmons v. United States, 1955, 348 U.S. 397, 75 S.Ct. 397, 99 L.Ed. 453, and Gonzales v. United States, 1955, 348 U.S. 407, 75 S.Ct. 409, 99 L.Ed. 467, wherein it was held that the furnishing a registrant, who has taken such an appeal from a classification by a local board, with a résumé of the evidence taken before a hearing officer in the process of the appeal procedure was indispensable in affording the registrant procedural due process. The local board, recognizing that appellant had not been furnished with the required résumé, reopened appellant's case, its minutes reciting that it did so "in accordance with recent rulings of the Supreme Court in processing conscientious objector cases."

Appellant registered in Kentucky. At the time of the reopening of his case he

was a resident of California. Appellant asked for a transfer to California of the hearing to be had before the local board after the reopening of his classification. This was refused. The local board again classified appellant 1-A; he again appealed for the third and last time. The appeal board then furnished Appellant with a copy of the recommendation of the Department of Justice and a resume of the evidence taken during the F.B.I. investigation on the previous appeal. He was given thirty days in which to file a reply. Appellant responded by writing a letter to the Appeal Board. He also had sent to the local board a certificate from the Jehovah's Witness church to the effect that he was a member in good standing. This card was sent to the Appeal Board for its consideration.

A reference of Appellant's case to the Department of Justice for advice as to proper procedure was made on this final appeal, but no hearing was had.

The Appeal Board on the final appeal affirmed the classification of 1-A given Appellant on the reopened hearing. Appellant was thereafter ordered to report for induction. On December 5, 1955, he again refused induction and was again indicted, tried, and convicted. In appealing from said conviction to this Court, the sole contention made which we deem worthy of extended discussion is: That on his appeal from his classification of 1-A on the reopening of his case, he was not given a second hearing before a hearing officer. This seems to us to be nothing more than an attempt to substitute form for substance.

What rights of the appellant were denied by the lack of a second hearing? We are unable to discover any such denial from the record before us. The quotation from the case of United States v. Balogh, 2 Cir., 1946, 157 F.2d 939, 943, cited by the Supreme Court with approval in the case of Gonzales v. United States, 1955, 348 U.S. 407, 416, 75 S.Ct. 409, 99 L.Ed. 467, points up the reason for furnishing a registrant with a summary. It is to the effect that an Appeal Board not be permitted "to make use of evidence of which [the registrant] may

have been unaware and which he had no chance to answer: a prime requirement of any fair hearing."

In the instant case the registrant was, in his final appeal, made aware of the evidence made use of by the Appeal Board, and was given thirty days in which to answer. As a matter of fact, he did answer by a lengthy letter, in addition to the submission of the certificate from officials of his church.

■ In the report to the Appeal Board from the Justice Department on the preceding appeal, the sincerity of appellant was challenged. A summary of the evidence upon which this challenge was based was furnished Appellant for the final appeal. No new evidence was before the Appeal Board on the second appeal other than that submitted by Appellant, so it is obvious that in considering the second appeal The Appeal Board had before it no evidence of which Appellant was unaware and which he had no chance to answer.

■ It is argued that the attitude of Appellant in complying with the teachings of his religious beliefs may have changed during the year which elapsed between the last two appeals. If such was the case, it was incumbent upon Appellant to make such a showing. He was afforded an opportunity to do this. We are not persuaded by the suggestion that this duty should have been entrusted to the F.B.I.

"The overall procedures set up in the statute and regulations, designed to be 'fair and just' in their operation" were afforded Appellant in this case. Gonzales v. United States, 1955, 348 U.S. 407, 417, 75 S.Ct. 409, 415, 99 L.Ed. 467. As we have pointed out, the Appellant did receive a copy of the Justice Department's recommendation and was given a reasonable opportunity to reply thereto.

We think the requirement held to be necessary in the case of Simmons v. United States, 1955, 348 U.S. 397, 75 S.Ct. 397, 99 L.Ed. 453, that the Department of Justice furnish an appellant with a fair résumé of the F.B.I. investigation was also met.

This court in the cases of Clark v. United States, 9 Cir., 1956, 236 F.2d 13, and Davidson v. United States, 9 Cir., 1954, 218 F.2d 609, held that the granting of a new hearing, where it is apparent on the face of the record that such a hearing would be a futility, is not required.

The situation is the same in the instant case. All adverse evidence against Appellant was brought out in the first hearing. In the absence of a showing of the consideration by the Appeal Board of other adverse evidence which may have arisen in the intervening year, it must be assumed that there was none. So, as to that period, Appellant had nothing to answer. He had the opportunity to affirmatively show a change, if any existed, had he elected so to do.

Appellant had the advice of competent counsel at the time of the first indictment and, so far as can be determined from the record, that legal service was available to him at all times during his final appeal.

It is contended that the evidence before the Appeal Board was insufficient to sustain its findings. We have examined the evidence and find it substantial.

Affirmed.