David Neill MacMURRAY, Appellant,

v.

UNITED STATES of America, Appellee.

No. 18792.

United States Court of Appeals Ninth Circuit.

April 8, 1964.

---

J. B. Tietz and Arthur E. Briggs, Los Angeles, Cal., for appellant.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan, Asst. U. S. Atty., Chief Criminal Section, and David R. Nissen, Asst. U. S. Atty., for appellee.

Before JERTBERG, MERRILL and BROWNING, Circuit Judges.

BROWNING, Circuit Judge.

After unsuccessfully claiming the exemption from military service afforded conscientious objectors by 50 U.S.C.A. App. § 456(j) (62 Stat. 609 (1948), as amended),[1] appellant refused to submit to induction into the Armed Forces of the United States. He was convicted of violating 50 U.S.C.A.App. § 462(a) (62 Stat. 622 (1948)), and appealed.

He contends (1) that the induction order was invalid because the Department of Justice did not conduct a hearing with respect to his objections as required by section 456(j), and (2) that section 456 (j) violates the First Amendment because it conditions exemption upon belief in a Supreme Being. We conclude that appellant's first contention must be sustained. We therefore need not consider

---

1. The pertinent portions of 50 U.S.C.A. App. § 456(j) reads as follows:

"Nothing contained in this title [sections 451–454 and 455–471 of this Appendix] shall be construed to require any person to be subject to combatant training and service in the armed forces of the United States who, by reason of religious training and belief, is conscientiously opposed to participation in war in any form. Religious training and belief in this connection means an individual's belief in a relation to a Supreme Being involving duties superior to those arising from any human relation, but does not include essentially political, sociological, or philosophical views or a merely personal moral code.
  *     *     *     *     *
"Any person claiming exemption from combatant training and service because of such conscientious objections shall, if such claim is not sustained by the local board, be entitled to an appeal to the appropriate appeal board. Upon the filing of such appeal, the appeal board shall refer any such claim to the Department of Justice for inquiry and hearing. The Department of Justice, after appropriate inquiry, shall hold a hearing with respect to the character and good faith of the objections of the person concerned, and such person shall be notified of the time and place of such hearing. The Department of Justice shall, after such hearing, * * * [make an appropriate recommendation to the appeal board] * * *. The appeal board shall, in making its decision, give consideration to, but shall not be bound to follow, the recommendation of the Department of Justice together with the record on appeal from the local board."

the suggestion that our prior decisions upholding the constitutionality of the Act (Etcheverry v. United States, 320 F.2d 873 (9th Cir. 1963) and cases cited) should be re-examined in the light of the contrary decision in United States v. Seeger, 326 F.2d 846 (2nd Cir. 1964).

Appellant's claim for exemption from military service as a conscientious objector was rejected by his Local Board. He appealed. Section 456(j) provides, "Upon the filing of such appeal, the appeal board shall refer any such claim to the Department of Justice for inquiry and hearing." Accordingly, the Appeal Board referred appellant's file to the Department of Justice. Although section 456(j) stipulates that "the Department of Justice, after appropriate inquiry, shall hold a hearing with respect to the character and good faith of the objections of the person concerned," the Department refused to hold a hearing in appellant's case and returned appellant's file to the Appeal Board.

The Department advised the Appeal Board that the Department "has jurisdiction to consider only those Selective Service cases which come within the meaning" of section 456(j); that is, cases involving claims of conscientious objection to participation in war "by reason of religious training and belief," defined in the statute as "belief in a relation to a Supreme Being involving duties superior to those arising from any human relation." The Department noted that in completing Selective Service System Form 150, "Special Form for Conscientious Objector," appellant had checked the "No" box opposite the question "Do you believe in a Supreme Being?", and had begun a description of his beliefs with the words, "The makeup of my personality and mind have established definite beliefs and principles * * *." The Department advised the Appeal Board that "by denying belief in a Supreme Being and asserting that his belief is based upon 'the makeup of his personality and mind', the registrant has removed himself from consideration as a conscientious objector within the mean-

ing" of section 456(j), and that a hearing therefore would not be held.

Following receipt of the Department's letter the Appeal Board rejected appellant's claim for exemption and continued his 1-A classification.

Appellant filed a written request that his Local Board reopen and reconsider his classification. He stated that he had understood the question posed in Form 150 to be whether he believed in "a Supreme Being" in a "fundamentalist" sense, and that he had answered as he had because "I do not believe in any Supreme Being with hair, arms, flesh or in any likeness of man whatsoever." However, he stated that he did believe in "a high state of order and even disorder within the physical universe governed by laws which are presently above my ability or that of any man to completely control or completely understand." He added that his beliefs were religious "if religion is a system of rules of conduct and laws of action based upon the recognition of belief in and reverence for a superhuman power of supreme authority * * *." No action was taken upon appellant's request to reopen, presumably because it was filed after the Local Board had mailed appellant an order to report for induction. See 32 C.F.R. § 1625.2 (1962).

The inquiry and hearing by the Department of Justice into the "character and good faith" of a registrant's conscientious objections to participation in war is provided by the statute primarily for the benefit of the registrant. Sterrett v. United States, 216 F.2d 659, 665 (9th Cir. 1954). An impartial investigation of the registrant's claim is conducted by the Federal Bureau of Investigation, and the registrant is provided a résumé of the F.B.I. report. Simmons v. United States, 348 U.S. 397, 403, 75 S.Ct. 397, 99 L.Ed. 453 (1955). The Department of Justice then holds a hearing at which the registrant "shall have an opportunity to be heard." 32 C.F.R. § 1626.25(d) (1962). Following the inquiry and hearing the Department of Justice submits a recommendation to

the appeal board, which the appeal board usually follows.[2] The inquiry and hearing conducted by the Department is "a fundamental safeguard" (Simmons v. United States, supra, 348 U.S. at 406, 75 S.Ct. 397, 99 L.Ed. 453) and "a denial of such a hearing is fatal to the induction order." Sterrett v. United States, supra, 216 F.2d at 665. See also Bates v. United States, 348 U.S. 966, 75 S.Ct. 529, 99 L.Ed. 753 (1955); De Moss v. United States, 349 U.S. 918, 75 S.Ct. 659, 99 L. Ed. 1251 (1955); Gonzales v. United States, 348 U.S. 407, 75 S.Ct. 409, 99 L. Ed. 467 (1955).

But the Department of Justice argues that a registrant's ineligibility for exemption as a conscientious objector may appear so clearly and incontrovertably from the face of the record that investigation and hearing by the Department is unauthorized, or at least, its omission cannot be said to be prejudicial. Assuming the mandate of the statute admits of such an exception, we are satisfied that it must be narrow indeed, and cannot, consistently with the statute's purpose, include such a case as the present one.

In effect this registrant has been denied relief on the mere statement of his claim.

The government's principal argument is that by checking "No" after the question "Do you believe in a Supreme Being?" in Form 150, appellant necessarily precluded proof that his objections arose from "religious training and belief," as

required by section 456(j), because of the provision of section 456(j) that "religious training and belief in this connection means an individual's belief in a relation to a Supreme Being * * *." The argument is based upon the premise that the reference to belief in "a Supreme Being" in the question in Form 150 necessarily meant the same thing to appellant as the reference to belief in "a Supreme Being" in section 456(j) meant to Congress. But this premise is false.

Section 456(j), by its express terms, employs religious belief and belief in "a Supreme Being" as equivalent expressions. And as the Court of Appeals for the Second Circuit has recently pointed out, constitutional problems exemplified by Torcaso v. Watkins, 367 U.S. 488, 81 S.Ct. 1680, 6 L.Ed.2d 982 (1961), require the assumption that Congress intended the statutory language to be read "as broadly as the words permit," and, specifically, as not requiring "belief in an anthropomorphic deity * * *." United States v. Jakobson, 2 Cir., 325 F.2d 409, 415 (1963).[3]

It does not follow, however, that the words "Do you believe in a Supreme Being" conveyed so broad a meaning to appellant when he read them in Form 150. Nothing in Form 150 would suggest to a registrant that belief in "a Supreme Being" was to be equated with religious belief, and included beliefs rejecting an anthropomorphic deity. Indeed the natural inference was to the contrary. The

2. From the inception of the program through June 30, 1946, the Department recommended approval of the registrant's claim in nearly two-thirds of the cases, and "over three-fourths of the recommendations of the Department of Justice were carried out by the boards of appeal." Conscientious Objection, Selective Service System Special Monograph No. 11, at 146–48 (1950). During most of these years conscientious objector claims were referred to the Department only after they had first been rejected by the local board or appeal board, or both.

3. See also Conklin, Conscientious Objector Provisions: A View in the Light of Torcaso v. Watkins, 51 Geo.L.J. 252 (1963). One variety of religious belief (perhaps

relevant to the present case) which compels this reading of the statute, is suggested by Professor Sidney Hook's recent comment that "one of the two leading Protestant theologians in the United States", identified as Professor Paul Tillich, "doesn't believe in the existence of a Divine Being. According to Tillich, if one defined God as a Being, he, Paul Tillich, would have to call himself an atheist. God is not any kind of Being, natural or divine, God is Being-itself, an ontological category which encompasses and is the ground of Being and non-Being, Essence and Existence." Law and Religion, Proceedings of the Annual Judicial Conference of the Tenth Judicial Circuit of the United States, 34 F.R.D. 29, 73 (1964).

registrant was first asked to certify that he was "by reason of religious training and belief, conscientiously opposed to participation in war in any form * * *." He was then immediately asked to state whether he believed in "a Supreme Being." Thus the registrant must either suppose that he was being invited to contradict, by the next stroke of his pen, his certification that his objections were based on religious training and belief, or that belief in "a Supreme Being" was meant here in a narrower sense and therefore a negative answer to the question of whether he believed in "a Supreme Being" would be consistent with possession of religious belief.

Appellant stated in his application for reopening that he assumed the latter; that is, that he supposed the words "a Supreme Being" were used in Form 150 in a "fundamentalist" or anthropomorphic sense, rather than as a reference to deity as coextensive with religious faith itself. Appellant's assumption was at least plausible. His denial of belief in "a Supreme Being" in the context of Form 150, therefore, could not be taken as a denial of belief in "a Supreme Being" as Congress used those words in the statute.

The Department's further reasoning that appellant negated a religious source for his convictions by stating that "the makeup of my personality and mind have established definite beliefs and principles" seems to us sophistical.

At most, this reference, plus appellant's denial of belief in "a Supreme Being," read in the light of appellant's certification that he was conscientiously opposed to war "by reason of my religious training and belief," raised doubt "with respect to the character" of appellant's objections to participation in war. It is the purpose of the Departmental inquiry and hearing to explore just such uncertainties to enable the Appeal Board "to reach a more informed judgment on the appealing registrant's claims." United States v. Nugent, 346 U.S. 1, 9, 73 S.Ct. 991, 996, 97 L.Ed. 1417 (1953).

Congress surely did not intend the right to inquiry and hearing to turn upon nice judgments as to the meaning of a registrant's answers to ambiguous questions on a form. Denial of inquiry and hearing is fatal to the validity of an induction order unless it appears beyond doubt that the registrant's objections are based upon, in words of § 456(j), "essentially political, sociological, or philosophical views or a merely personal moral code." The cases relied upon by the government were either of the latter character, or did not involve denial of an inquiry and hearing.[4]

---

4. Clark v. United States, 236 F.2d 13 (9th Cir. 1956); United States v. De Lime, 223 F.2d 96 (3rd Cir. 1955); and Davidson v. United States, 218 F.2d 609 (9th Cir. 1954) cert. granted, vacated and remanded, 349 U.S. 918, 75 S.Ct. 659, 99 L.Ed. 1251 (1955) aff'd on remand 225 F.2d 836 (9th Cir. 1955).

In Clark, the registrant "had a full and complete investigation and hearing by the Department of Justice on his first conscientious objector claim," and on his second application merely "reiterated without change his previously expressed views * * *." 236 F.2d at 20. It is true that the court suggested that the registrant may not have been entitled to the first investigation and hearing because his Form 150 "clearly showed" that he did not believe in a Supreme Being, but the holding of the court was that "a registrant is not entitled to repetitious deter-

minations of identical issues." 236 F.2d at 21.

In De Lime, the registrant struck out references to "religious training and belief" in Form 150, denied belief in the existence of a Supreme Being, and stated, "My belief is philosophical rather than religious." At a hearing before his Local Board he indicated that he would not have completed Form 150 as he did had he known the law, but he also reiterated that he was an agnostic and "that his belief was not based on a Supreme Being but was 'scientific.'" Nonetheless an F.B.I. investigation was undertaken and a hearing was held. The Court of Appeals concluded that certain information in the F.B.I. report bearing upon De Lime's credibility had not been furnished to him, but affirmed the conviction despite this error, stating "the defendant's own uncontradicted statements demonstrate that

■ Since appellant was denied a hearing with respect to the character of his objections on a record which did not on its face establish clearly and incontrovertably that his objections were non-religious in character his conviction cannot stand.

Reversed.

his claim was not based on 'religious training and belief,' within the meaning of the statute. Therefore, he was not prejudiced by not receiving an adequate or fair résumé of the FBI report. The fact that his credibility was attacked in the report was immaterial for if everything he had said in support of his claim for exemption was fully believed his position continued to lie entirely outside the statute." 223 F.2d at 100.

In Davidson, in completing Form 150 the registrant not only denied belief in a Supreme Being, but added that his objections "are not religious, they are basically political." Nonetheless his file "was referred to the Department of Justice, which, after an investigation and hearing, wrote the appeal board, recommending that Davidson be not classified as a conscientious objector." 218 F.2d at 610. When Davidson later appealed from the refusal of the Local Board to postpone his induction, he was denied a second hearing "because he had already had one", and "there was no new evidence which altered [the Department's] previous recommendation." 218 F.2d at 612. See also Sandner v. United States, 248 F.2d 361 (9th Cir. 1957).