**UNITED STATES of America,
Plaintiff,**

v.

**Lonnie LeRoy HAUGHTON, Defendant.
Cr. No. 17230.**

United States District Court
W. D. Washington, S. D.

July 15, 1968.

John S. Obenour, U. S. Atty., Western Dist. of Washington, Southern Div., Tacoma, Wash., for plaintiff.

David R. Hood, of MacDonald, Hoague & Bayless, Seattle, Wash., for defendant.

## MEMORANDUM DECISION

BOLDT, District Judge.

Defendant is charged in an information with refusal to be inducted into the Armed Forces of the United States on or about November 8, 1967.[1]  50 App.U.S.C.

---

1.  50 U.S.C. App. § 462(a) provides, in pertinent part:

"[a]ny person who * * * evades or refuses registration or service in the armed forces or any of the requirements of this title * * * or who in any manner shall knowingly fail or neglect or refuse to perform any duty required of him under or in execution of this title * * * or rules, regulations or directions made pursuant to this title * * * shall upon conviction in any district court of the United States of competent jurisdiction, be punished by imprisonment for not more than five years or a fine of not more than $10,000, or by both such fine and imprisonment * * *."

Regulation section 1632.14 provides:

[a] When the Local Board mails to a registrant an Order to Report for Induction * * * it shall be the duty of the registrant to report for induc-

§ 462(a). In a stipulation signed February 21, 1968, the parties, by and through their attorneys, agree that defendant was under order from the proper Local Draft Board to report for and submit to induction on November 8, 1967, which order he refused to obey.

Defendant registered with Selective Service Local Board No. 12 on December 28, 1964. On January 21, 1965, defendant was classified I–S (H). On January 30, 1967, defendant wrote Local Board No. 12 and requested the appropriate application form for exemption as a conscientious objector. A Special Form for Conscientious Objector (SS Form No. 150) was mailed to defendant and returned to the Local Board on February 13, 1967. On February 14, 1967, Local Board No. 12 requested defendant to submit answers to additional form questions and letters from three (3) disinterested persons who had knowledge of his beliefs. In the same letter, defendant was advised that since his existing classification of II–S was lower than I–O, the request would not be acted on so long as he had a student deferment. Defendant was informed "until such time arises that you should lose your student deferment and your file is reopened for reclassification, this information you have submitted will not be acted upon."

On March 24, 1967, Local Board No. 12 was notified by the Registrar of the University of Puget Sound that defendant was no longer enrolled as a full-time student. On March 27, 1967, defendant was notified his classification was being reopened and was asked to submit the Conscientious Objector information previously requested. This information was supplied and on May 18, 1967, defendant appeared for an interview with the Local Board. Following this interview, defendant was classified I–A and notice thereof was mailed to defendant on the same day.

On May 26, 1967, defendant mailed a notice of appeal from his I–A classification which was received by the Local Board on May 29, 1967. At the next regular meeting of Local Board No. 12 twenty-four (24) days later, on June 22, 1967, the Board prepared defendant's appeal record, pursuant to 32 C.F.R. 1626.13, and forwarded defendant's file to the State Director of Selective Service where it was received June 23, 1967.

On June 30, 1967, the Military Selective Service Act of 1967 became effective. Six days later, on July 6, 1967, the State Director of Selective Service forwarded defendant's file to the Appeal Board for the Selective Service System in the Western Federal Judicial District of the State of Washington, where it was received July 7, 1967. On July 24, 1967, the Appeal Board classified defendant in class I–A and mailed defendant a Notice of Classification on August 1, 1967.

In response to defendant's inquiries, on August 18, 1967 Colonel Donald C. Peterson of the State Director of Selective Service wrote defendant, informing him in part as follows:

"Through the usual time required for administrative processing, your Selective Service file did not reach the Appeal Board for the Western Federal Judicial District until July 7, 1967. At this time, as you are aware, the provisions for referral of the case involving claims of conscientious objection to the Department of Justice were no longer in effect. * * *

"While I am merely speculating, it seems to me that the weakness in your claim of conscientious objection seems to be that it is primarily based on a personal philosophy and not upon religious training and belief, as required by the statute. Any information that you can furnish relating your claim of conscientious objection to the religious training and instruction you have received might be persuasive to cause your Local Board to again consider your claim."

tion at the time and place fixed in such order. * * *
"[b] Upon reporting for induction, it shall be the duty of the registrant

* * * (5) to submit to induction
* * *

On August 24, 1967, defendant mailed a letter to Local Board No. 12 containing additional information about the claimed religious basis of his conscientious objection to military service stating in part:

"Therefore, in the hope of persuading you to reconsider my classification, I shall attempt to better explain my religious position."

In another letter of the same date, defendant inquired about Selective Service Regulation 1660.10, concerning civilian work for conscientious objectors. Both letters were received by the Local Board on August 28, 1967, referred to State Headquarters on September 6, 1967, and returned to the Local Board September 12, 1967. On September 13, 1967, the Local Board, in reply to defendant's letter of August 24, advised defendant that he was not qualified for civilian work as he was not classified I–O. Defendant was invited to come in and discuss his classification with the Local Board.

Defendant reported for an Armed Forces physical examination September 12, 1967, and on September 22, 1967 was advised he had been found acceptable for induction.

On October 4, 1967, defendant was ordered to report for induction November 7, 1967. On that date, November 7, 1967, defendant participated in all preliminaries and then refused to submit to induction. This criminal prosecution followed.

Defendant urges acquittal on the basis of three legal contentions: (1) a hearing by the Department of Justice was not conducted during defendant's appeal from I–A classification; (2) defendant's I–A classification lacked any basis in fact or was based on erroneous advice; and (3) reconsideration of defendant's classification was wrongfully denied when the Local Board failed to either formally reopen his classification or formally refuse reopening. Each of defendant's contentions has been carefully considered and found without merit.

1. Right to hearing by Department of Justice.

Defendant contends he was wrongfully deprived of a hearing before an officer of the Department of Justice when his appeal was processed under the Military Selective Service Act rather than the provisions of the earlier Universal Military Training and Selective Service Act. Section 6(j), Military Selective Service Act of 1967, Pub. Law 90–40, 81 Stat. 100, 50 App.U.S.C. § 456(j). In defendant's view, his notice of appeal from I–A classification by the Local Board was filed approximately one month prior to the effective date of the new Act, June 30, 1967, "thereby vesting his statutory right to Department of Justice inquiry and hearing." However, the court finds and holds defendant has no vested right to any particular form of administrative procedure in the course of a selective service appeal and the provisions of the Military Selective Service Act of 1967 were properly applied to defendant's appeal.

Prior to June 30, 1967, Section 6(j) 50 App.U.S.C. § 456(j) provided:

"Any person claiming exemption from combatant training and service because of * * * conscientious objections shall, if such claim is not sustained by the local board, be entitled to an appeal to the appropriate appeal board, upon the filing of such appeal, the appeal board shall refer any such claim to the Department of Justice for inquiry and hearing. The Department of Justice, after appropriate inquiry, shall hold a hearing with respect to the character and good faith of the objections of the person concerned, and such person shall be notified of the time and place of such hearing."

The New Military Selective Service Act of 1967 (50 App.U.S.C. § 456(j)) omits all reference to a hearing conducted by the Department of Justice on referral from a state Appeal Board, and, in fact, makes no mention whatever of appeal from a Local Board's denial of conscientious objector classifications.

The Legislative History of the new Military Selective Service Act, 1967 U.S. Code Cong. and Adm.News, pages 1308–

1361, at page 1334, indicates the Senate Committee on the Armed Forces was prompted to rewrite the provisions pertaining to conscientious objector appeals to avoid substantial delay occasioned by the increased number of such appeals; and, at page 1360, the History indicates the Senate concurred in the opinion expressed by members of the House of Representatives "that the referral on appeal of all conscientious objector cases to the Department of Justice had resulted in unnecessary delays in the processing of these cases without corresponding significant advantages. Therefore, the deletion of this referral requirement was accepted by the Senate."

■ The statutory provision for a Justice Department "inquiry and hearing" in the Universal Military Training and Selective Service Act was designed to protect substantial interests of an individual claiming exemption from military service and was enacted for the benefit of the registrant. Sterrett v. United States, 216 F.2d 659, 665 (9th Cir., 1954); MacMurray v. United States, 330 F.2d 928 (9th Cir., 1964); Elder v. United States, 202 F.2d 465 (9th Cir., 1953). Failure to conduct a Justice Department hearing, like denial of a registrant's right to a personal appearance before his Local Board, required reversal of a conviction for refusal to submit to induction. Bates v. United States, 348 U.S. 966, 75 S.Ct. 529, 99 L.Ed. 753, per curiam (1955); Sterrett, supra; Davis v. United States, 199 F.2d 689, 691 (6th Cir., 1952); United States v. Frank, 114 F.Supp. 949 (D.C.Cal.1953).

In the words of the United States Supreme Court, "observers sympathetic to the problems of the conscientious objector have recognized that this provision [for Department of Justice 'inquiry and hearing'] in the statute improves the system of review by helping the appeal boards reach a more informed judgment on the appealing registrant's claims." United States v. Nugent, 346 U.S. 1, 9, 73 S.Ct. 991, 996, 97 L.Ed. 1417 (1953); MacMurray, supra. The more elaborate procedure authorized by statute, whereby the state Appeal Board refers each case to the Department of Justice and secures an advisory opinion before reviewing the substance of a registrant's claim, was limited solely to conscientious objector cases. In the view of one judge, such particularized treatment was justified by "* * * the fact * * * a conscientious objector status is determinable by a wholly subjective test" as opposed to the more objective factors controlling claims to, for example, a ministerial exemption from military service. Bradshaw v. United States, 242 F.2d 180, 187 (10th Cir., 1957); United States v. Stewart, 322 F.2d 592 (4th Cir., 1963).

However, even prior to the effective date of the Military Selective Service Act, June 30, 1967, the United States Supreme Court said, "Congress was under no compulsion to supply this *auxiliary service*—to provide for a more exhaustive processing of the conscientious objector's appeal." (Emphasis added) United States v. Nugent, 346 U.S. 1, 8, 73 S.Ct. 991, 996, 97 L.Ed. 1417 (1953). As shown by the Legislative History previously referred to, Congress struck a balance in favor of more expedient administrative determination of conscientious objector appeals to avoid "unnecessary delays"; appellate referrals to the Department of Justice during the course of such appeals were intentionally eliminated from the new act.

■ By its terms, the Military Selective Service Act of 1967 became effective one week before defendant's file was transmitted to the state Appeal Board by the office of the State Director. The Act was not, however, effective until one month after defendant filed a Notice of Appeal with his Local Board. It is a general rule that a statute must be given only prospective effect absent clear legislative intent to the contrary. As stated in Greene v. United States, 376 U.S. 149, 160, 84 S.Ct. 615, 621, 11 L.Ed.2d 576 (1964),

"The first rule of construction is that legislation must be considered as addressed to the future, not to the past * * * [and] a retrospective opera-

tion will not be given to a statute which interferes with antecedent rights * * unless such be 'the unequivocal and inflexible import of the terms and the manifest intention of the legislature.' " Substantial authority supports this general rule. See, e. g., Bruner v. United States, 343 U.S. 112, 72 S.Ct. 581, 96 L.Ed. 786 (1952); Addison v. Holly Hill Fruit Products, 322 U.S. 607, 64 S.Ct. 1215, 88 L.Ed. 1488 (1944), rehearing denied 323 U.S. 809, 65 S.Ct. 27, 89 L. Ed. 645; Hiatt v. Hilliard, 180 F.2d 453 (5th Cir., 1950); Del Guercio v. Gabot, 161 F.2d 559 (9th Cir., 1947); Lewis Food Company v. Los Angeles Meat and Provision Drivers, 159 F.Supp. 763 (D.C.Cal.1958).

■■ But this broad rule is inapplicable to remedial and procedural legislation. Beatty v. United States, 191 F.2d 317 (8th Cir., 1951); Benas v. Maher, 128 F.2d 247 (8th Cir., 1942); United States v. Fullerton, 87 F.Supp. 359 (D.C. Mass., 1950); Hadlich v. American Mail Line, 82 F.Supp. 562 (D.C.Cal.1949). The rule more pertinent to defendant's contentions in this case is that *procedural* changes required by new legislation are generally to be regarded as immediately applicable to pending cases. McBurney v. Carson, 99 U.S. 567, 25 L.Ed. 378 (1878); Dargel v. Henderson, 200 F.2d 564 (Em.App.1952). See, also, Rosen v. Savant Instruments, Inc., 264 F.Supp. 232 (D.C.N.Y.1967); Delaware Sports Service v. Diamond State Tel. Co., 241 F.Supp. 847 (D.C.Del.1965), Aff. 3 Cir., 355 F.2d 929, cert. den. 385 U.S. 817, 87 S.Ct. 38, 17 L.Ed.2d 55; Hiersche v. Seamless Rubber Co., 225 F.Supp. 682 (D.C.Or.1963); Chovan v. E. I. Du Pont De Nemours & Co., 217 F.Supp. 808 (D.C.Mich.1963); Fancher v. Clark, 127 F.Supp. 452 (D.C.Colo.1954); Hadlich, supra; United States v. National City Lines, 80 F.Supp. 734 (D.C.Cal.1948), Motion denied 337 U.S. 78, 69 S.Ct. 955, 93 L.Ed. 1226.

At the time Congress intentionally eliminated the procedural privilege of inquiry and hearing by the Department of Justice during conscientious objector appeals, defendant's appeal was pending and immediately subject to the provisions of the new Act. Defendant had no vested right in the "auxiliary service" available under the provisions of the former Act and, before this court, has not attempted to show actual prejudice as a result of processing under the 1967 Act. Acquittal on this ground cannot be granted.

2. Basis in fact for defendant's classification.

■ Judicial review of classifications given Selective Service registrants is one of the narrowest judicial reviews known to law. Blalock v. United States, 247 F. 2d 615 (4th Cir., 1957). As stated in Estep v. United States, 327 U.S. 114, at pages 122–123, 66 S.Ct. 423 at page 427, 90 L.Ed. 567 (1946):

"The provision making the decisions of the local boards 'final' means to us that Congress chose not to give administrative action under this Act the customary scope of judicial review which obtains under other statutes. It means that the courts are not to weigh the evidence to determine whether the classification made by the local boards was justified. The decisions of the local board made in conformity with the regulations are final even though they may be erroneous. The question of jurisdiction of the local board is *reached only if there is no basis in fact for the classification which it gave the registrant.*"

■■ Defendant in this case did not clearly establish his right to an exemption from military service. Contrast: Dickinson v. United States, 346 U.S. 389, 74 S.Ct. 152, 98 L.Ed. 132 (1953). A review of the record before the court discloses that defendant relied on a personal moral code and philosophical view of a personal nature. The defendant's attitudes toward "love" and "pacifism" are not included in the term "religious training and belief." While a relationship to a supreme being is no longer required, conscientious objector classification may be denied when the applicant's beliefs are based upon political, sociological or philosophical views, or a personal

moral code. 50 App.U.S.C. § 456(j); Fleming v. United States, 344 F.2d 912 (10th Cir., 1965).

Consideration of defendant's classification by the Appeal Board was not "tainted" by erroneous advice. Cf. Sicurella v. United States, 348 U.S. 385, 75 S.Ct. 403, 99 L.Ed. 436 (1955). Colonel Peterson's letter of August 18, 1967 correctly summarized the law applicable to defendant's case and attempted to clarify apparent defects in defendant's claim to conscientious objector status. The government did not thereby rely on illegal grounds to deprive defendant of conscientious objector classification. Sicurella, supra.

Defendant's second alleged basis for acquittal is without merit.

3. Reopening of defendant's classification.

■ After being classified I–A by the Appeal Board, on August 24, 1967, defendant wrote his Local Board " * * * in the hope of persuading you to reconsider my classification * * * ". This letter, and another concerning defendant's inquiries about civilian work for conscientious objectors, were referred to the office of the State Director and returned to the Local Board September 12, 1967. The Local Board then advised defendant he was not qualified for civilian work as he was not classified I–O and invited defendant to come in and discuss his classification with the Local Board. Defendant's claim was, therefore, in fact considered anew and defendant was informed of the consideration given his request. There being no basis to reopen defendant's classification, and defendant having been notified of this fact and requested to appear before the Local Board if he so desired, no violation of procedural regulations occurred. 32 C.F.R. 1625.4, 1625.11; Compare: Witmer v. United States, 348 U.S. 375, 75 S.Ct. 392, 99 L.Ed. 428 (1955); Olvera v. United States, 223 F.2d 880 (5th Cir., 1955). The Local Board's conduct cannot be described as arbitrary or unreasonable;

defendant was fully afforded procedural safeguards set forth in the appropriate regulations. While the words "reopen" and "reclassify" are not used, defendant's "attempt to better explain [his] religious position" was considered, denied and notice of such action provided. As stated in United States v. Lawson, 337 F.2d 800, at page 813 (3rd Cir., 1964):

"The appellant is entitled to full protection of his procedural rights, but he may not insulate himself against the requirement that he perform his obligations under the Selective Service law by relying on mere procedural irregularities which expose him to no prejudice.

"In United States v. Hagaman, 213 F. 2d 86, 91 (3rd Cir., 1954), Judge Goodrich, speaking for this court sitting en banc, although in a dissenting opinion, said: 'It is one thing, however, to protect a man when he is prejudiced by the failure of administrative authorities to observe the precautions taken to guard his rights. It is another thing to create an administrative procedure, designed to be handled by volunteer laymen in communities throughout the nation, as technical and ritualistic as common law pleadings. We have said in an earlier opinion that a registrant is not obliged to make his points with his draft board in the fashion of a well-trained lawyer * * *. It is likewise true that the board's proceedings do not need to be recorded with the meticulous accuracy with which an experienced corporation counsel draws a set of corporate minutes."

The court is fully satisfied each of the three foregoing contentions raised by defendant is without merit and do not constitute grounds for acquittal.

The court finds and holds under the evidence defendant has been proved guilty beyond a reasonable doubt. A presentence report is ordered and sentence will be imposed on August 12, 1968.