Raymond Keith SKINNER, Appellant,

v.

UNITED STATES of America, Appellee.

No. 14256.

United States Court of Appeals,
Ninth Circuit.

Sept. 22, 1954.

J. B. Tietz, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Manuel L. Real, Louis Lee Abbott, Cecil Hicks, Jr., Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before STEPHENS and FEE, Circuit Judges, and CLARK, District Judge.

CLARK, District Judge.

An indictment was returned by the Grand Jury charging that defendant (Appellant here) knowingly failed and neglected to be inducted into the armed forces of the United States as so notified and ordered to do. Thereafter he was tried before the Court and convicted.

Upon registration (February 19, 1952) Appellant was classified as 1-A. A conscientious objector's form was requested but no appeal was taken from the 1-A classification. Thereafter Appellant married and the Board reclassified him 3-A when it was determined that he and his wife were expecting a child. Thereafter the local Board was informed that the baby had been born prematurely and had died, and on April 24, 1953 the Board reclassified the Appellant as 1-A. Form 110 notifying the Appellant of the classification or reclassification was mailed and on May 6, 1953 he was ordered to report for induction. He was later granted a stay of induction because of hardship, but on June 5, 1953 was again ordered to report for induction. On May 19, 1953, —after the first order to report for induction,—he requested an interview with the local Board and appeared before the Board on May 22, 1953, at which time, by a vote of 2 to 0 the Board determined that the information presented did not warrant reopening his classification. Again on June 8, 1953 after the second order to report for induction, the Board received a letter from Appellant requesting a 1-AO classification. On this date after the Board had reviewed Appellant's file, by a vote of 2 to 0 it determined to take no action.

No appeal was taken from the original classification or either of the reclassifications.

It seems that the only question to be considered is whether it was necessary for the Appellant to appeal from the classification of the local Board.

In the case of United States ex rel. La Charity v. Commanding Officer of United States Army Induction Center, Buffalo, N.Y., 2 Cir., 142 F.2d 381, 382, the Court said:

"Appeals are governed by § 627 of the regulations. Subdivision (a) of § 627.2 gives the right to 'appeal

to a board of appeal from any classification of the registrant by the local board'; and subdivision (c) provides that the appeal must be taken 'within ten days after the date when the local board mails to the registrant a Notice of Classification' * * *.

"The Appellant urges that the action of the board in continuing his I-A classification after the hearing on April 12th was a new classification from which he should have been granted the right to appeal. Section 626.2 authorizes the local board to consider anew a classification previously made but no provision of the statute or the regulations has been pointed out giving a right to appeal from a reconsideration which results in no change of classification. We are satisfied that no appeal lies from such a decision. The evil of a contrary rule is obvious; if there were an appeal from every refusal to change a classification, a registrant could interminably delay his induction by successive requests and appeals, as Judge Forman pointed out in U. S. ex rel. Filomio v. Powell, D.C.N.J., 38 F.Supp. 183, 188."

 The record shows that the Appellant was indicted for having failed and neglected to be inducted pursuant to the third classification, that is, the classification as made on April 24, 1953. If any errors were committed by the local Board in the classification of February 19, 1952, or in the classification of January 16, 1953, such errors were corrected by the new classification of April 24, 1953. At the time Appellant was classified on April 24, 1953 the Board had before it his claim as a conscientious objector, and it must be assumed that when the local Board classified the Appellant on that date it considered the entire file, including his claim as a conscientious objector. Inasmuch as no appeal was taken from the classification of April 24, 1953 and inasmuch as the time for appeal had elapsed, the classification became final.

Subsequent to his last classification, registrant (Appellant) asked for and was granted a stay of induction. He asked for an interview with the local board, which interview was afforded him, and at the conclusion thereof the local Board decided the evidence as presented by the registrant did not warrant the reopening of the classification.

The classification of April 24, 1953 was a valid classification, and nothing was done thereafter that would or did in any way nullify that classification.

It would seem that the Appellant was given every right to appeal from the classification by the local Board, this he failed to do.

Although his objections may have had merit on an appeal from his classification, they were of no force before Court because waived by reason of his failure to appeal.

Conviction and judgment affirmed.