**James Rolland FRANCY, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 13940.**

United States Court of Appeals
Ninth Circuit.

Dec. 17, 1954.

J. B. Tietz, Los Angeles, Cal., Hayden C. Covington, Brooklyn, N. Y., for appellant.

Laughlin E. Waters, U. S. Atty., Mark P. Robinson, Manuel Real, Man-

---

ley J. Bowler, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before STEPHENS, BONE and POPE, Circuit Judges.

PER CURIAM.

The appellant was indicted for knowingly failing and neglecting to report for induction into the Armed Forces of the United States when notified to do so, all in violation of the provisions of the Universal Military Training and Service Act, 50 U.S.C.A. Appendix, § 451 et seq. He was convicted and appeals from the judgment of conviction.

Francy had been classified by the Selective Service appeal board after he had appealed from the action of his local board. It placed him in Class I–A–O, that is, as a conscientious objector exempt from combatant service, but subject to be assigned to noncombatant duties as defined in the Act. He was given a preinduction physical examination on February 19, 1951, and a certificate of acceptability was issued on that day. On June 20, 1952, he was ordered to report for induction which order directed him to appear at the Armed Forces Induction station at a stated address in Los Angeles, California, at 8 A.M. on the 10th day of July, 1952. It will be noted that the order to report followed his preinduction physical examination by more than one year.

Upon this appeal Francy attacks the classification given to him on the ground that it was without basis in fact; that the action of the appeal board in giving him that classification was arbitrary and capricious; that the local board failed to give him a new classification on the occasion of his personal appearance before that board, and that the hearing officer of the Department of Justice did not adequately advise registrant of the contents of the FBI report which was in the possession of the hearing officer.

For the reasons stated in Mason v. United States, 9 Cir., 1954, 218 F.2d 375, and in Kalpakoff v. United States, 9 Cir., 217 F.2d 748, we hold that Francy, not having exhausted his administrative remedies, was without standing to assert in the trial court the invalidity of his classification.

The judgment is affirmed.