**Dick Lee EVANS, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 15385.**

United States Court of Appeals
Ninth Circuit.

Feb. 24, 1958.

Rehearing Denied June 2, 1958.

**510**

J. B. Tietz, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Lloyd F. Dunn, Louis Lee Abbott, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before CHAMBERS and BARNES, Circuit Judges, and WALSH, District Judge.

WALSH, District Judge.

■ Following a trial to the court, a jury having been waived, appellant was convicted of violating the Universal Military Training and Service Act, (hereinafter referred to as "the Act"), by knowingly failing and neglecting to submit to induction into the armed forces of the United States.

In the year 1951, appellant registered at Local Board No. 115, Downey, California, pursuant to the selective service laws of the United States. Subsequently, in his questionnaire and in a special form filed by him, he claimed classification as a conscientious objector. On February 13, 1952, appellant was classified in Class I–A (available for military service), whereupon, by letter, he appealed from the I–A classification. In due course, appellant's file was forwarded to the appeal board and that board referred appellant's case to the Department of Justice for inquiry, hearing, and recommendation under § 6(j) of the Act, 50 U.S.C.A.Appendix, § 456(j). An investigation and report was made by the Federal Bureau of Investigation, appellant was given a hearing before a hearing officer, and a recommendation that appellant's conscientious objector claim be not sustained was made by the Department of Justice to the appeal board. No copy of the Department of Justice recommendation was furnished to appellant.

On August 5, 1954, appellant was retained in Class I–A by the appeal board. Thereafter, on March 14, 1955, the Supreme Court of the United States held in Gonzales v. United States, 348 U.S. 407, 75 S.Ct. 409, 99 L.Ed. 467, that an appealing registrant is denied a fair hearing where a copy of the Department of Justice recommendation is not furnished to him at the time it is forwarded to the appeal board. Since appellant had not been furnished with a copy of the De-

partment of Justice recommendation, the local board, acting pursuant to an order of the Director of Selective Service, reopened appellant's classification and on May 10, 1955, again classified him I–A. On June 1, 1955, appellant was directed by letter to appear on June 14, 1955, for an interview with the local board for the purpose of clarifying information in his file. The appellant appeared as directed, was questioned and heard by the board, and completed and filed with the board an additional questionnaire bearing on his conscientious objector claim. Following the interview, and on June 14, 1955, the local board again classified him I–A and gave him written notice of the classification and of his right to appeal therefrom. No appeal was taken. On November 23, 1955, appellant was ordered to report for induction. Appellant appeared at the induction station on December 6, 1955, as ordered, but refused to be inducted into the armed forces. Criminal prosecution followed. The trial court found appellant guilty and entered judgment of conviction from which appellant prosecutes this appeal.

Appellant's ground for attacking his conviction is that the evidence below showed that his I–A classification had no basis in fact and that the tests applied by the Selective Service officials in denying his claim for Class I–O (conscientious objector available for civilian work contributing to the maintenance of the national health, safety, or interest) or Class I–A–O (conscientious objector available for non-combatant military service only) classifications were not those set forth in the law but were arbitrary and artificial. But unless his I–A classification was open to question by appellant upon his trial, his conviction must be upheld.

■ It will be observed that the local board's order requiring appellant to report for induction was based upon the I–A classification given him by the local board on June 14, 1955. All prior classifications given appellant by either the local board or the appeal board were superseded by this last classification, Hinkle v. United States, 9 Cir., 216 F.2d 8, 9; Goetz v. United States, 9 Cir., 216 F. 2d 270, 272; United States v. Moore, 7 Cir., 217 F.2d 428, 431; and the final classification had the effect of rendering harmless any errors committed in the earlier classifications, Skinner v. United States, 9 Cir., 215 F.2d 767, 768. Appellant had the right to appeal from the I–A classification of June 14, 1955, 32 C.F.R. § 1625.13,[1] but he took no appeal. Having thus failed to exhaust his administrative remedies, it would seem to follow that appellant could not attack his I–A classification when prosecuted for failure to obey an order to report for induction made pursuant thereto.[2]

■ Appellant recognizes the burden he has here in view of the "exhaustion of remedies" rule and our holdings applying it in selective service cases (footnote 2), but he urges upon us that the doctrine is not inflexible and may be relaxed by courts in proper cases. Assuming the correctness of this contention, we doubt that we should be anxious to relax the rule in this case where appellant makes no claim that he was not aware of his right to appeal but instead admits that the document bringing him notice of the classification also notified him of his right to take an appeal from the classification within ten days.

1. "§ 1625.13 *Right of appeal following reopening of classification.* Each such classification shall be followed by the same right of appearance before the local board and the same right of appeal as in the case of an original classification."

2. Falbo v. United States, 320 U.S. 549, 64 S.Ct. 346, 88 L.Ed. 305; Williams v. United States, 9 Cir., 203 F.2d 85; Row-

land v. United States, 9 Cir., 207 F.2d 621; Skinner v. United States, 9 Cir., 215 F.2d 767; Kalpakoff v. United States, 9 Cir., 217 F.2d 748; Francy v. United States, 9 Cir., 217 F.2d 750; Mason v. United States, 9 Cir., 218 F.2d 375; Kaline v. United States, 9 Cir., 235 F.2d 54; United States v. Nichols, 7 Cir., 231 F.2d 1; United States v. Dorn, D.C. E.D.Wis., 121 F.Supp. 171.

█ Appellant argues that his failure to appeal should be disregarded because such an appeal would have been a futile effort on his part; that the appeal board had already rejected his claim, using irrelevant standards of classification, and there was nothing new for him to present to the appeal board. But, to begin with, the record shows that there was material in the file at the time of the local board's last classification which was not before the appeal board on the former appeal, i. e., the record of the interview with the local board on June 14, 1955, and the additional questionnaire submitted by appellant on that occasion.[3] In addition, had he taken a second appeal, he would have had the opportunity to answer the Department of Justice report and recommendation which, though kept from him, had been used by the appeal board on the former appeal and would be required to be disclosed to him upon his new appeal. Further, he could bring to the attention of the appeal board the proper and lawful standards applicable in his classification, if the appeal board had in fact applied improper standards in its earlier ruling. Sandner v. United States, 9 Cir., 248 F.2d 361. We will not assume that if appellant had exercised his right to present his claims anew to the appeal board, the board would have callously or indifferently left uncorrected error or injustice which appellant would now show to us and which he could have readily shown to the board.

Appellant insists that we have held in Davidson v. United States, 9 Cir., 218 F. 2d 609, and in Clark v. United States, 9 Cir., 236 F.2d 13, that a registrant is not entitled to "repetitious appeals" and he contends that, in view of these cases, he was not required to take another appeal upon the same issue, i. e., whether or not he was a conscientious objector. Appellant misconstrues the cases upon which he relies. Neither Davidson nor

Clark holds that authorized appeals, however numerous, may be denied a registrant. Nothing said in either case can properly be construed to limit the right of a registrant to appeal from a local board's classification when the Act or the regulations provide that he may appeal.

In Davidson, supra, the registrant attempted to appeal for a postponement of an order of the local board that he report for induction, an order from which an appeal did not lie. The local board erroneously attempted to permit the appeal but when the error was discovered by a hearing officer to whom the case came in the appeal routine, that officer refused to give Davidson a hearing. We held that the denial of the hearing was not a denial of procedural due process; that there was no valid or authorized appeal and, hence, no requirement of a hearing.

In Clark, supra, we held it was not error to fail to have a Department of Justice investigation and hearing on a registrant's second appeal where, upon the face of the record, the registrant was not within the statutory definition of a "conscientious objector" and, consequently, was not entitled to such a hearing and investigation.

█ Here, the selective service regulations, 32 C.F.R. § 1625.13 (footnote 1), provided appellant the right to a second appeal. He had a corresponding duty, we feel, to take such appeal if he intended thereafter to question the classification given him by the local board.

█ Appellant asserts that the local board lacked jurisdiction over him and, accordingly, his failure to exhaust his administrative remedies was excused. Appellant neglects to point out wherein the jurisdiction of the local board was even doubtful, must less lacking; but even if he had done so, his failure to appeal would bar his attack in the trial court on the local board's classification.

3. For complete accuracy, it should be stated that there was in the file, also, written information regarding appellant's conscientious objector claim presented by appellant to the local board on September 14, 1954.

Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638; Macauley v. Waterman S. S. Corp., 327 U.S. 540, 66 S.Ct. 712, 90 L.Ed. 839; United States v. Sing Tuck, 194 U.S. 161, 24 S.Ct. 621, 48 L.Ed. 917.

■ Next, appellant attempts to exclude his case from the "exhaustion of remedies" rule on the basis that the local board determined his classification by arbitrary action and thereby denied him due process. But a claim by a registrant of lack of due process in his local board classification does not relieve him from the requirement of taking the appellate steps available to him administratively before attempting a collateral attack on the classification. United States v. Balogh, 329 U.S. 692, 67 S.Ct. 625, 91 L.Ed. 605; United States v. Balogh, 2 Cir., 160 F.2d 999; Mason v. United States, 9 Cir., 218 F.2d 375, 379; Kalpakoff v. United States, 9 Cir., 217 F. 2d 748; Francy v. United States, 9 Cir., 217 F.2d 750.

■ Finally, appellant points out that the letter requesting his appearance on June 14, 1955, for interview with the local board stated that the request was made "in conformity with Selective Service Local Board Memorandum No. 152, Paragraph 3(a)" and, also, that Memorandum No. 52 provides that when a local board, upon its own initiative, directs a registrant to appear before it no right of appeal to the appeal board accrues to the registrant *solely because of any such appearance.* Appellant then argues that no appeal from the local board was required because he had no right of appeal after his reclassification. Appellant misreads Memorandum No. 52. It contains no provision barring appeal after reclassification by the local board. On the other hand, the selective service regulations 32 C.F.R. § 1625.13 (footnote 1) specifically granted appellant the right to appeal from his reclassification; and appellant was expressly advised of this right and how to exercise it when he was notified of his reclassification.

The judgment of the trial court is affirmed.