Bill William **PROHOROFF**, Appellant,

v.

**UNITED STATES of America,** Appellee.

No. 15911.

United States Court of Appeals Ninth Circuit.

Oct. 9, 1958.

Rehearing Denied Nov. 21, 1958.

J. B. Tietz, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Thomas R. Sheridan, Lloyd F. Dunn, Los Angeles, Cal., for appellee.

Before FEE and HAMLIN, Circuit Judges, and BOWEN, District Judge.

BOWEN, District Judge.

This is an appeal by appellant Prohoroff, a Selective Training and Service Act (50 U.S.C.A.Appendix, § 451 et seq.) registrant, from the judgment and 6-months jail sentence imposed against him by the District Court sitting without a jury in a trial for appellant's willful failure to report for induction into the Armed Forces as required by Local Draft Board 71, Fresno County, California, pursuant to grand jury indictment under § 462 of that Act.

As justification for such failure to so report, appellant claims to be a conscientious objector.

Appellant objects to Draft Board 71's jurisdiction over him which he contends was not established because certain exhibits relied upon by appellee to prove appellant's address was within the exterior boundaries of that Board were not sufficiently authenticated for admission in evidence. But we find the record amply justifies the District Court's findings and ruling that "We do have the fact that * * * Mrs. Ford has been employed as coordinator of the four Boards since 1948 [the year they were organized], and these documents without question are documents within the office of the Board. They have been certainly acted upon as being genuine documents and an examination of the documents reveals that at the time this defendant [appellant] registered he was within the jurisdiction of Local Board 71." Those properly made findings sufficiently validate the District Court's admission in evidence of the questioned exhibits, called by the Court "documents". McCormick, Evid. (1954), § 191, p. 403; United States v. Ward, 2 Cir., 1949, 173 F.2d 628; Morgan v. U. S., 5 Cir., 1945, 149 F.2d 185. For statement of general rule, see Olender v. U. S., 9 Cir., 1954, 210 F.2d 795, at page 801, syl. (7).

That validation and those findings and much of their supporting evidence are applicable specifically to the questioned document exhibit which came to the Board office from State Headquarters purporting to be the official record of the area description of Board 71 with "Local Board No. 71" typed at the top of that exhibit which contained also the typewritten legal description of the Board 71 area. And such validation, findings and supporting evidence are likewise specifically applicable to the questioned map exhibits which are maps of the same area as that shown in that legal description in the document exhibit and were made up by officials in the course of their service under the Act for use and were used by those working in the Board office.

Even if those questioned exhibits were not sufficiently authenticated for

admission in evidence, although we hold they all were, appellant would nevertheless be deemed barred from now objecting to the geographical jurisdiction of Board 71 over him because of his failure as to that objection to exhaust his administrative appeal remedies, hereinafter more fully dealt with upon another question. Evans v. U. S., 9 Cir., 1958, 252 F.2d 509; McLenigan v. Grymes, D.C. M.D.Pa.1945, 59 F.Supp. 846. See also Mason v. U. S., 9 Cir., 1955, 218 F.2d 375.

We overrule appellant's objection to the District Court's admission in evidence of those questioned exhibits.

Respecting his claimed conscientious objector status, appellant contends that the Draft Board unlawfully classified him 1-A as one liable for combat duty when, as he asserts, he was entitled to be classified as a conscientious objector and exempted from such combat service, and that for that reason the District Court erred in denying his motion for acquittal and in failing to find him not guilty.

The record, however, shows conclusively that three different times the Local Board 71 on the facts before it classified him as one required to perform combat training and service and each time notified him to report for induction for such service, but each time he failed and knowingly refused to do so; that, although in an unsworn statement made on the day of his sentencing about 20 days after the actual trial when the case after submission had been decided against him he informed the District Court that the investigating F.B.I. agent who he said was very co-operative did not advise him about making an administrative appeal from the Board's adverse decision, yet in the same unsworn statement he admitted that such appeal information was stated on the Board's card notices to him, and that the F.B.I. agent told him he should fill out the conscientious objector form and why he should do that; that the appellant knowingly did not seek his remedy of administrative appeal from any one of those three classifications and induction notices; that appellant caused several delays in the Board's contacting him by his willfully giving a wrong address at which he might be reached or by his failure to notify the Draft Board of change in his address; and that before he was indicted he intentionally declined to heed his father's advice that he consult his father's attorney regarding the Board's classification of him and notices to him to report for induction.

The recent decision of this Court in Evans v. U. S., supra, after exhaustively reviewing decisions of this and other courts, held that a registrant failing to exhaust his remedies of administrative appeals under circumstances similar to those just stated in appellant's conduct has no standing to seek from the Court the same relief he might have obtained by such administrative appeals. A lengthy review here of such cases would serve no useful purpose. The Evans case rule on that point is clearly applicable and we apply that rule in this case. We reject appellant's contention of error in the District Court respecting his classification and induction notices, since he knowingly failed to exhaust his remedies of administrative appeal.

Other specifications of error are urged by appellant, but we find them without merit and deny appellant's contentions as to them.

The judgment and sentence of the District Court in this case in all respects are affirmed.