UNITED STATES of America

v.

Hubert Dexine SPRINKLE.

Cr. No. 1272.

United States District Court
W. D. North Carolina,
Charlotte Division.

Oct. 1, 1959.

James M. Baley, Jr., U. S. Atty., Asheville, N. C., John E. McDonald, Jr., Asst. U. S. Atty., Charlotte, N. C., for United States of America.

Richard Welling, Charlotte, N. C., for defendant.

WARLICK, District Judge.

This is a criminal action in which the defendant was indicted by the grand jury at Statesville, North Carolina, at the regular March 1959 term, said indictment charging him with violation of the Universal Military Training and Service Act, 50 U.S.C.A.Appendix, § 462. The bill of indictment, in substance, charged that the defendant, on December 9, 1958, "willfully failed and refused to step forward and be inducted into the Armed Forces of the United States when so ordered by the Commanding Officer of the

Armed Forces Induction Center." On the calling of the case at the Charlotte, April 1959 term, defendant, being present with counsel of his own choosing, and after arraignment, pleaded not guilty and executed written waiver of jury trial. After presentation of evidence, hearing of argument, and filing of briefs, the case was thereupon submitted to the Court for a verdict.

Defendant was born on September 26, 1935, at Winston-Salem, North Carolina; after attaining the age of 18½ years, he registered with Local Board 34, Forsyth County, North Carolina (hereinafter referred to as "the board"), and on October 21, 1953, acknowledged receipt of registration certificate which reflected his registration with the board.

On March 28, 1957, defendant returned his Selective Service classification questionnaire, at which time he stated that by reason of religious training and belief he was conscientiously opposed to participation in war in any form, and requested special form for conscientious objectors from the board, which form he completed and returned to the board on May 22, 1957.

In said special form, he stated that by reason of religious training and belief he was conscientiously opposed to participation in war in any form and was opposed to participation in noncombatant training and service in the armed forces, and therefore claimed exemption from both combatant and noncombatant training and service in the armed forces.

With respect to his religious training and belief, he stated he believed in a Supreme Being. In response to the question, "Describe the nature of your belief which is the basis of your claim made in Series I above and state whether or not your belief in a Supreme Being involves duties which to you are superior to those arising from any human relation", defendant cited Romans 13:9-10 and Acts 5:29. In explanation of how, when, from whom, and from what source he received the training and acquired the belief, he stated, "I have heard scriptures preached practically all my life, and I have studied them for myself. Hebrews 11:6." Defendant cites Romans 13:1, Acts 5:29, Luke 3:14, and I Peter 2:13-15 as the circumstances under which he believes in the use of force. It is curious to note that when defendant was asked the following question: "Describe the actions and behaviour of your life which in your opinion most conspicuously demonstrate the consistency and depth of your religious convictions", he cited II Corinthians 5:10 and Matthew 12:33-35, no further answer being given to the question. Defendant was further asked, "Have you ever given public expression, written or oral, to the views herein expressed as the basis for your claim made in Series I above? If so, specify when and where." He answered, "In first questionnaire, among members of the Church of Christ, and among my fellow workers at various times."

With respect to general background, defendant stated he had a high school education and had been engaged in electrical, farming and carpentry work from 1954 to 1957.

With respect to defendant's participation in organizations, he stated that he was a member of the Church of Christ, Winston-Salem, and had been a member for approximately five years. In explaining where and how he became a member of this church, he cited Hebrews 11:6, Luke 3:1-5, Romans 10:10, and Acts 2:38.

Defendant was asked to "describe carefully the creed or official statements of said religious sect or organization in relation to participation in war", and he cited as his answer Luke 3:14, Acts 5:29, II Corinthians 10:3-5, Ephesians 6:13-20, I Thessalonians 5:8. Defendant has never been affiliated with any organization other than the Church of Christ.

On January 21, 1958, defendant was classified I-A by the board by a vote of 4-0. Notice of said classification was mailed to defendant on January 23, 1958. Defendant did not request personal appearance, nor did he appeal from his classification of I-A. Four and one half months later, on May 8, 1958, defendant

was forwarded order to report for armed forces physical examination on the 29th day of May 1958. Defendant appeared, submitted to examination, and on June 6, 1958, was forwarded certificate of acceptability for induction into the armed forces. He did not at that time raise any question as to his classification.

On November 18, 1958, defendant was forwarded order to report for induction on December 9, 1958. Defendant did not make any complaint concerning his classification until the date for his induction. He appeared and was carried to Charlotte, North Carolina, where he was examined, and again found to be fully acceptable for induction into the armed forces. Defendant refused to be inducted on December 9, 1958, and executed written statement in which he stated "due to my belief in God I do not accept induction into the United States Army."

It is noted in comparing defendant's statement of his physical condition at the time of the first examination and the second that in a period of approximately six months he had suffered "eye trouble, severe tooth or gum trouble; sinusitis; shortness of breath; chronic cough; cramps in legs; reaction to serums, drugs, or medicine; appendicitis; frequent or painful urination; boils; recent gain or loss of weight; trick or locked knee; foot trouble; car, train, sea, or air sickness; loss of memory or amnesia; and nervous trouble of some type;" and the medical officer concluded that defendant was an obvious malingerer.

The matter was thereupon submitted to the United States Attorney for prosecution herein.

■ I conclude as a matter of law that Local Board 34, Forsyth County, accorded defendant every procedural right provided by law, and that his rights having in no manner been denied him, and he having been given every opportunity to be heard and present his views and prepare his case, the defendant has slept on his alleged rights by failing to exhaust his administrative remedies provided by the Selective Service regulations, and, therefore, cannot raise the question of the propriety of the classification given by the board as a defense to this action.

■ Notwithstanding defendant's failure to exhaust his administrative remedies, the Court concludes that there is basis in fact for the I–A classification and that such classification was not arbitrary or capricious.

■ I find the defendant guilty as charged, and defendant will appear before the Court at such time as is later set so that sentence may be imposed.