**Jan Emil DONATO, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

No. 17473.

United States Court of Appeals
Ninth Circuit.

Feb. 14, 1962.

J. B. Tietz, Los Angeles, Cal., for appellant.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan and J. Brin Schulman, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before CHAMBERS, MERRILL and BROWNING, Circuit Judges.

MERRILL, Circuit Judge.

Appellant stands convicted of refusal to submit to induction under the Universal Military Training and Service Act, 50 U.S.C.Appendix, § 462, and has been sentenced to serve three years' imprisonment.

Appellant is a member of Jehovah's Witnesses and asserts conscientious objection to military service. Notwithstanding his showing to this effect, the local board with which he had registered classified him 1–A rather than as a conscientious objector. After reporting for induction in response to the board's order, appellant refused to submit to induction.

Upon this appeal appellant contends that he had made out a prima facie case for a conscientious objector classification of 1–O (50 U.S.C.Appendix, § 456(j)), which case was not rebutted; that there was no basis in fact for the board's classification of 1–A; that under Estep v. United States, 1946, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567, the board was without jurisdiction to classify him in this manner. While the United States disputes this, its principal contention upon this appeal is that appellant has failed to exhaust his administrative remedies through failure to take an appeal from the local board's ruling to the appeal board established by selective service regulations; and that this failure "prohibited the trial court from examining the propriety of the board's actions in classifying him as it did."

Appellant concedes his failure to exhaust his administrative remedies in this respect, but contends with substantial citation of authority that the exhaustion of remedies rule is not an inflexible rule but is one which may and should be relaxed by the courts in proper cases, at least where, as here, defendant did not interrupt the selective service process, but pursued it to the point where he could go no farther without abandoning his claim of right, reporting for induction, completing his physical examination, and refusing only at the final step of submitting to induction. Compare Falbo v. United States, 1944, 320 U.S. 549, 64 S.Ct. 346, 88 L.Ed. 305, with Estep v. United States, 1946, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567. The United States, in response, asserts

that however flexible the rule may be in other circuits this court has refused to regard it as other than inflexible.

█ This court's strict adherence to the rule that administrative remedies must be exhausted has been (as in Prohoroff v. United States, 9 Cir., 1958, 259 F.2d 694, and Evans v. United States, 9 Cir., 1958, 252 F.2d 509) in cases where failure to appeal appeared to be a deliberate and intentional rejection of the administrative review which had been provided. An area does remain, however, within which relaxation of the rule can be found to be just and proper. Each case thus presents the question whether the particular circumstances which exist make the case an appropriate one for relaxation of or strict adherence to the rule.

█ Here the appellant testified that he had every intention of appealing within the prescribed period; that his failure to do so was due to the fact that he had been summoned to firefighting duty and that upon his return, the period having expired, he believed his appeal rights to have been lost.

The balancing of the competing considerations which a case presents should take place at the trial level where the true facts may be found and their significance weighed. The record does not disclose that such consideration was given in this case. Indeed, if the district court accepted the contentions of the United States, it would have regarded such consideration as unavailable to it. Under these circumstances, an expression by the district court is essential to informed appellate review.

Accordingly, this case must be remanded to the district court for such, if any, hearing as the court, for its assistance, may prescribe and for decision upon the question whether, under all of the circumstances of this case, a relaxation of the exhaustion of remedies rule would be just and proper.

If, upon such consideration, the district court should decide that the rule should not apply under the circumstances of this case, it shall render its decision upon the merits respecting the asserted lack of basis in fact for the board's classification. If the decision of the district court is that the rule should apply, it shall express its opinion to this effect. In either event, a new final judgment should be rendered preserving rights to further appellate review.

Reversed and remanded with instructions that the judgment be set aside and for further proceedings in accordance with this opinion.

CHAMBERS, Circuit Judge (dissenting).

No particular harm is done here in reopening a judge tried case to probe further into Donato's excuse for not taking his administrative appeal. I think Prohoroff and Evans, supra, were correctly decided on their facts. I would not contend that there are no valid excuses for failure to take an administrative appeal. But, I think on the face of it, Donato has already shown his excuse too weak. Therefore, I dissent.