**UNITED STATES of America**

v.

**Ronald Gene PRICE.**

**Crim. No. 4115.**

United States District Court
S. D. Illinois, N. D.

Sept. 19, 1967.

Richard J. Massa, Asst. U. S. Atty., for plaintiff.

Julian E. Cannell, Peoria, Ill., for defendant.

OPINION AND ORDER

ROBERT D. MORGAN, District Judge.

The defendant Ronald Gene Price is charged with willful failure to report for civilian employment in violation of Section 462, Title 50 Appendix of the United States Code. The defendant, who has been classified as a conscientious objector since November, 1964, failed to report as ordered by Local Board 201 on August 1, 1966, for civilian work "contributing to the national health, safety, or interest." The order followed a personal conference, held pursuant to Section 1660.20, Title 32 of the Federal Regulations, between the local board, a representative of the State Director of Selective Service, and the defendant registrant. Prior to the June 7, 1966, conference, Local Board 201 had requested that Mr. Price state the kind of civilian work that he wished to perform in lieu of induction and had otherwise observed the specific procedural steps outlined in Section 1660.20, Title 32 of the Federal Regulations. Throughout the defendant registrant insisted that he could not compromise his religious beliefs by accepting civilian employment.

The defendant's sole defense to the indictment is that in "January or February of 1965" he either "mailed or put in the slot of the board's office door" a letter containing "new information" which "might" have entitled him to a ministerial classification (IV-D). No such letter is contained in the defendant's selective service file, and the board clerk admits that such a letter was never considered by the board. Mr. Price therefore claims that he was denied procedural due process because the board failed to "reopen and consider anew" his classification in light of the "new information" contained in the alleged letter. The defendant did not retain a copy of the letter, nor did he testify as to its contents. In communications with the board after February, 1965, he never referred to the alleged letter or inquired as to what action the board had taken with respect to it. The clerk of the board acknowledged that it was "possible" that such a letter had been received but lost.

It does not seem necessary to resolve the factual questions on whether this letter was actually written by defendant or received by the board. Even assuming all the facts to be as the defendant asserts, no denial of procedural due process thereby appears to have affected defendant. First, the board's failure to reopen and consider anew defendant's classification upon receipt of his letter seems clearly to have been vitiated by its subsequent reconsideration of his classification in March, 1966, at which time Mr. Price had the opportunity to present any new information entitling him to a new classification and to appeal any board decision. As the Court of Appeals for the Ninth Circuit stated in Evans v. United States, 252 F.2d 509, 511 (1958):

> All prior classifications given appellant by either the local board or the appeal board were superseded by this last classification [citations omitted]; and the final classification had the effect of rendering harmless any errors committed in the earlier classifications [citation omitted]. Appellant had the right to appeal * * * but

he took no appeal. Having thus failed to exhaust his administrative remedies, it would seem to follow that appellant could not attack his I-A classification when prosecuted for failure to obey induction made pursuant thereto.

Whatever claims to a ministerial deferment Mr. Price may have had in January or February, 1965, he did not press them by appeal in March, 1966, when the board again classified him I-O. Having failed to exhaust his administrative remedies, Mr. Price cannot and indeed does not now complain that that classification was invalid. Falbo v. United States, 320 U.S. 549, 64 S.Ct. 346, 88 L.Ed. 305 (1944).

Moreover, the defendant's selective service file, which was received into evidence without objection, shows that both prior to early 1965 and thereafter, the defendant's claim that he was entitled to a ministerial deferment was before the board and considered. Shortly after registering with the local board, Mr. Price completed SSS Form 100 on October 19, 1964, stating that he was a conscientious objector and requesting a IV-D classification as a minister of Jehovah's Witnesses. On November 24, 1964, Board 201 sent Mr. Price SSS Form 110 notifying him that he had been classified I-O. Mr. Price had the right to appeal this classification and urge before the appeals board his contention that he was entitled to a IV-D classification, but he did not. When in September, 1965, the board sent the defendant SSS Form 127, Current Information Questionnaire, he listed his occupation as "timber cutter," not minister. He did write the board in February, 1966, saying that he was recognized as a minister and entitled to a ministerial deferment. But the board in March, 1966, classified Mr. Price I-O. Mr. Price did not appeal this classification although he had the right to. On April 6, 1966, the board did, however, write Mr. Price asking him to "state in a letter to this board whether [he was] at present a full time Pioneer Minister of the Jehovah's Witnesses." Mr. Price replied that he was not then a full time minister. The board then began to proc-

ess the defendant for civilian employment.

The defendant directs the attention of the court to a number of cases which he asserts support his contention that his right to procedural due process has been violated. The court has read the cases and does not agree that they support defendant's arguments. None of the cases is directly in point. All deal either with boards that did not consider Jehovah's Witnesses a religion or that refused to consider new information in determining the defendant registrant's *last* classification under which he was inducted. The defendant's selective service file indicates that this board scrupulously observed his rights, and it is not for this court to say that the board erred in classifying Mr. Price I-O rather than IV-D.

There is no denial of or doubt about the refusal to report as charged in the indictment. The defense attacked only the legality of the board's order to report. Accordingly, the Court finds the defendant, Ronald Gene Price, guilty as charged.