Daniel SORANNO, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 22587.

United States Court of Appeals
Ninth Circuit.

Sept. 16, 1968.

Rehearing Denied Oct. 15, 1968.

J. B. Tietz (argued), Los Angeles, Cal., for appellant.

James J. Simonelli (argued), J. P. Hyland, U. S. Atty., Sacramento, Cal., for appellee.

Before *JOHNSEN, BARNES and DUNIWAY, Circuit Judges.

PER CURIAM:

Appellant was indicted and found guilty of failing to report for induction into the military service of the United States (50 U.S.C. Appendix § 462) after he had been classified I–A; had appealed; his appeal had been denied; and he had been ordered to report. The reason given for his failure to report was that his nose had been operated upon, and he feared he would be "socked" on the nose at the induction center.

Jurisdiction below existed under 18 U.S.C. § 3231, and exists here under former Rule 37(a) (1) and (2), Fed.R.Crim. P.

Appellant also raises the question of whether he should not have been classified as a conscientious objector. This he cannot raise on this appeal, for he had himself objected to his I–O (or conscientious objector classification) before his I–A classification. He failed to go to the brink of induction—or even so far as to report for a physical examination; or to report on a second request after a first refusal to report. The propriety of the classification is thus not open to appellant's attack. "[T]he classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction * * * unless the local board first specifically finds that there has been a change in registrant's status resulting from circumstances over which the registrant had no control." 32 C. F.R. § 1625.2, Selective Service Regulations. Falbo v. United States, 320 U.S. 549, 64 S.Ct. 346, 88 L.Ed. 305 (1944); Moore v. United States, 302 F.2d 929, 930 (9th Cir. 1962). Cf. Billings v. Truesdell, 321 U.S. 542, 64 S.Ct. 737, 88 L.Ed. 917 (1944); Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567 (1946); Daniels v. United States, 372 F.2d 407, 413 (9th Cir. 1967).

Nor is appellant's fear he would be "socked" in the nose a sufficient excuse for him to fail to go "to the brink" of induction. Compare Donato v. United States, 302 F.2d 468 (9th Cir. 1962) with Prohoroff v. United States, 259 F.2d 694 (9th Cir. 1958) and Evans v. United States, 252 F.2d 509 (9th Cir. 1958).

Affirmed.

---

\* Harvey M. Johnsen, Senior Judge, U.S. Court of Appeals for the Eighth Circuit, sitting by designation.