UNITED STATES of America, Plaintiff-Appellee,

v.

Dennis Warren McQUEARY, Defendant-Appellant.

No. 23101.

United States Court of Appeals
Ninth Circuit.

March 4, 1969.

Rehearing Denied April 10, 1969.

**494**

James R. Hagan (argued), Menlo Park, Cal., for appellant.

Irving Prager (argued), Asst. U. S. Atty., Wm. M. Byrne, Jr., U. S. Atty., Robert L. Brosio, Arnold G. Regardie, James E. Shekoyan, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before BROWNING, DUNIWAY and CARTER, Circuit Judges.

PER CURIAM:

Appellant was convicted in a trial to the court for refusing induction into the armed forces of the United States in violation of 50 U.S.C. App. § 462. He raises three points on appeal.

■ 1. We are satisfied that the evidence was sufficient to permit the court to conclude beyond a reasonable doubt that appellant was properly notified of the action of the Board reclassifying him 1–A on August 23, 1966. The Selective Service file contained a notation that a notice of classification was mailed on August 29, 1966. Numerous other pieces of correspondence in the file bore appellant's correct address. Appellant received notices mailed to him at this address both before and after August 29, 1966. The notice was not returned to the Board. In the ensuing seven and one-half months, appellant completed the remaining steps in the induction process without indicating that he had not received the classification notice. *Cf.* Mahan v. United States, 396 F.2d 316, 318–319 (10th Cir. 1968).

■ 2. The Board did not improperly deny appellant a hearing on his classification. His request for hearing was ineffective for it was admittedly filed after the ten-day period then provided by the regulations. 32 C.F.R. §§ 1624.1 (a), 1626.2(c), (d), 1641.2(b); *see* Feuer v. United States, 208 F.2d 719, 721 (9th Cir. 1953). The Board reopened appellant's classification and issued a new 1–A classification on August 23, 1966, for the very purpose of enabling appellant to file a timely request for hearing. He failed to do so.

■ 3. Appellant, an atheist, makes a substantial argument that 50 U.S.C. App. § 456(j) is violative of the First Amendment because it conditions exemptions from military service upon religious grounds. We must reject the contention on the authority of the prior decisions of this court in Etcheverry v. United States, 320 F.2d 873 (9th Cir. 1963); Clark v. United States, 236 F.2d 13 (9th Cir. 1956); George v. United States, 196 F.2d 445 (9th Cir. 1952).

Affirmed.