**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Randall Theodore MILLIKEN, Defendant-Appellant.**

**No. 24153.**

United States Court of Appeals Ninth Circuit.

Sept. 16, 1969.

Harry C. Singer (argued), James F. Hewitt, William L. Osterhoudt, San Francisco, Cal., for appellant.

Paul G. Sloan (argued), Asst. U. S. Atty., Cecil F. Poole, U. S. Atty., Jerrold M. Ladar, Asst. U. S. Atty., Chief, Crim. Div., San Francisco, Cal., for appellee.

Before BARNES and KOELSCH, Circuit Judges, and WILLIAMS, District Judge.

WILLIAMS, District Judge:

Randall Theodore Milliken was indicted by the United States Grand Jury for the Northern District of California on a charge of refusing to submit to induction into the armed forces of the United States in violation of 50 App. U.S.C. § 462(a). He requested and received permission to represent himself at the trial but the court appointed an attorney to stand by for any aid and assistance he could furnish defendant. A jury con-

victed defendant and he was sentenced to the custody of the Attorney General of the United States for a period of two years. His appeal raises these issues:

1. Did the local board deny defendant due process in not reclassifying him after he requested reconsideration in the light of United States v. Seeger, 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed.2d 733 (1965)?

2. Do the Selective Service laws, as amended, discriminate against non-religious objectors in violation of the first amendment?

Milliken registered with Local Board 31, Martinez, California, on November 27, 1964, a short period after his 18th birthday. He was given two student deferments and thereafter on July 4, 1966, defendant sent a letter to his local board in which he volunteered for the draft but stated that "due to religious convictions which do not allow me to be a conscientious objector, but do tell me not to become a killing machine in the hands of others, I will refuse any form of service in which I am trained to kill." He also requested forms and information and on July 20, 1966, the board mailed him a form 150 for his use in declaring himself a conscientious objector. Defendant never returned the form and threw it away. At his trial, he testified:

> "and so they sent me the form 150 for conscientious objector. And that's not the form I asked for. I told them I wasn't a c.o. Now, they knew different, but they didn't send me anything to tell me they knew different. They just send (sic) me this form. So I thought, 'Oh, this is disgusting. They don't have any form for me.' So I threw it away." (R.T. 99).

In September of 1967, the local board requested information from defendant regarding his undergraduate student status and in October of the same year he wrote a letter to his board discussing his feelings about the war in Viet Nam but did not give information concerning his student status. The board reclassified defendant 1–A (available for military service) and he did not appeal this classification. Thereafter defendant was ordered to report for pre-induction physical examination on January 22, 1968. He reported, but was ejected from the building after raising a disturbance. On February 12, 1968, defendant was sent a delinquency warning and on March 4, 1968 was declared delinquent for failure to report for pre-induction physical examination. Prior to being notified of his delinquency, defendant responded to the warning by requesting a courtesy appearance before the board and an interview with a government appeal agent. The board declined to give him a courtesy interview but allowed him an appointment with an appeal agent and fixed the date of March 29, 1968 for that purpose.

After meeting with the appeal agent the defendant on April 19, 1968 wrote a letter to his board in which he discussed the current law respecting conscientious objectors, lectured the board on its interpretation of the regulations, enclosed a summary of the opinion in United States v. Seeger, 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed.2d 733 (1965), but failed to state that he claimed conscientious objector status or to ask for another form 150. The board reviewed his file after receiving the letter and found that no change in classification was proper and mailed the defendant a C–140 form indicating that no change was made (Rules 1642 14(b)). Defendant was thereafter ordered to report for induction and did report as ordered but after being fully advised of the consequences, refused to be processed or to submit to induction. He claims on appeal that following the Seeger decision it was incumbent upon the board to permit him to make a claim under existing law. It should be noted that this claim was raised for the first time on appeal.

■ It cannot be correctly said that defendant in any of his communications to the board made claim that he was a conscientious objector. His letter dated April 19, 1968 only provided the board with information he felt would prove

useful to it in reviewing claims made by other registrants, but nowhere did he claim those views or request that a proper form be sent. There was therefore no compulsion upon the board to reopen his classification. Taylor v. United States, 285 F.2d 703 (9th Cir. 1960).

The scope of judicial review in selective service cases is extremely narrow. It is not for the courts to sit as super draftboards substituting their judgments on the weight of the evidence for those of the designated agencies. The classification can only be overturned if it has no basis in fact. Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L. Ed. 567 (1946); United States v. Gearey, 368 F.2d 144 (2d Cir. 1966); United States v. Pyrtle, 299 F.Supp. 1103 (E. D.Mo.1969); United States v. Bornemann, 298 F.Supp. 1253, 1257 (D.C. Conn.1969); United States v. Henderson, 411 F.2d 224 (5th Cir. 1969); United States v. Ciastko, 295 F.Supp. 996 (D.C.Conn.1968).

Defendant has a clearcut duty to make known to his board in understandable language his claim for deferment so that the board may have the opportunity of considering the merits of his claim before reaching a decision as to classification (United States v. Monroe, 150 F. Supp. 785, 788 (S.D.Cal.1957). If the registrant takes exception to the classification made · by the board he has an administrative procedure available to him which permits a further testing of the genuineness of his claim. Milliken did not claim to his board that he was a conscientious objector, did not complete the form 150 furnished him by his board and did not take advantage of the administrative appeal procedure. Even at his trial he did not claim conscientious objector status and raises it for the first time on appeal. In United States v. Gearey, 368 F.2d 144 (2d Cir. 1966), the court stated that claims for deferment must be raised within a reasonable time or are forfeited, and recognized that the belatedness of a claim was a factor which the board might consider in assessing its genuineness. *Also see* United States v. Ciastko,

295 F.Supp. at 998; United States v. Sprinkle, 176 F.Supp. 811 (W.D.N.C. 1959); United States v. Bornemann, 298 F.Supp. 1253 (D.C.Conn.1969).

Under these circumstances he was precluded from claiming as a defense to a criminal prosecution that there was no basis in fact for the classification. Yeater v. United States, 397 F.2d 975 (9th Cir. 1968); Evans v. United States, 252 F.2d 509 (9th Cir. 1958); Woo v. United States, 350 F.2d 992 (9th Cir. 1965).

Defendant relied upon Boswell v. United States, 390 F.2d 181 (9th Cir. 1968) but the cases are to be distinguished because Boswell requested a form 150 and was denied same. It was there held that the local board was unable to determine if Boswell was offering new information as to his status and that he was denied the right to show a change of status prior to induction and this was a denial of due process. Boswell raised this issue at his District Court trial but Milliken failed to do so at his trial.

The local board may reopen and consider anew the classification of a registrant upon a written request, provided, however, that the classification cannot be reopened after the board has mailed an Order to Report for Induction to the registrant: (Rules 1642.14(b).) A registrant who believes that he has been rendered subject to military service by an erroneous classification or arbitrary action of his local board, must exhaust all administrative remedies before his claim may be heard in the courts. Williams v. United States, 203 F.2d 85 (9th Cir. 1953); Greiff v. United States, 348 F.2d 914 (9th Cir. 1965); Woo v. United States, 350 F.2d 992 (9th Cir. 1965).

If he has exhausted all administrative remedies he may set up the invalidity of the induction order as a defense to a criminal prosecution. Swaczyk v. United States, 156 F.2d 17 (1st Cir. 1946).

Failure to appeal from his last classification by the local board will preclude a registrant from claiming such

classification was improper. Skinner v. United States, 215 F.2d 767 (9th Cir. 1954); Edwards v. United States, 395 F.2d 453 (9th Cir. 1968).

 Milliken not only failed to exhaust his administrative remedies but also failed to contend at the trial that he was a conscientious objector and desires to raise the point for the first time on appeal.

 Appellant's second argument, likewise raised for the first time on appeal, is that 50 App.U.S.C. § 456(j), providing for conscientious objector status, is unconstitutional for the reason that it contravenes the "free religion clause" of the First Amendment. He relies upon United States v. Sisson, 297 F.Supp. 902 (D.C.Mass.), decided April 1, 1969.

The Ninth Circuit rejected this argument as recently as March 4, 1969 in United States v. McQueary, 408 F.2d 493 and appellant presents nothing to indicate that this Court should not follow that decision.

The conviction is affirmed.