439 F.2d 785
 Albert J. BREINZ, Plaintiff-Appellant,
v.
COMMANDING GENERAL, FT. LEWIS, WASHINGTON, Melvin R. Laird, Secretary of Defense, and Stanley Resor, Secretary of the Army of the United States of America, Defendants-Appellees.
 No. 26540.
 United States Court of Appeals, Ninth Circuit.
 March 25, 1971.
 
 J. Byron Holcomb (argued), Wolfstone, Panchot & Bloch, Seattle, Wash., for plaintiff-appellant.
 Douglas D. McBroom, Asst. U. S. Atty. (argued), Stan Pitkin, U. S. Atty., J. S. Obenour, Asst. U. S. Atty., Tacoma, Wash., for defendants-appellees.
 Before KOELSCH, CARTER and WRIGHT, Circuit Judges.
 WRIGHT, Circuit Judge:
 
 
 1
 Breinz appeals from the district court's denial of his petition for a writ of habeas corpus seeking release from the Army because his term of enlistment has allegedly been completed. This court has jurisdiction under 28 U.S.C. § 2253. We affirm because appellant failed to exhaust his available administrative remedies prior to seeking habeas corpus relief.
 
 
 2
 Appellant enlisted in the Army for a three-year term in June of 1967. He applied for compassionate reassignment while awaiting shipment overseas at Fort Lewis Washington. On approximately August 15, 1968, after talking to a non-commissioned officer in the personnel office, appellant picked up his personnel file and pay records and flew home to Youngstown, Ohio. He remained there until the Army stopped his wife's allotment checks 20 months later. On April 16, 1970, he returned to Fort Lewis.
 
 
 3
 During his absence appellant was neither declared A.W.O.L. or a deserter. Following an investigation it was decided not to charge him with being A.W.O.L. However, under the authority of 10 U. S.C. § 972, supplemented by AR 630-10, it was administratively determined that a portion of appellant's absence, i.e., from January 5, 1969 to April 5, 1970, was avoidable and must be made up.
 
 
 4
 Included in AR 630-10 at ¶ 71(b) (4) is a provision for a direct appeal to The Adjutant General, Department of the Army, from an adverse administrative decision. Rather than pursuing that administrative appeal, Breinz immediately filed a petition for a writ of habeas corpus in the district court.
 
 
 5
 In failing first to exhaust his administrative remedies, appellant relies on Beaty v. Kenan, 420 F.2d 55 (9th Cir. 1969). Beaty was sent home to await orders which never arrived and he did not report officially until his enlistment had expired.
 
 
 6
 However, in Beaty the serviceman had exhausted all available administrative remedies for direct review[1] except the final step of appealing to the Board for the Correction of Army Records under 10 U.S.C. § 1552. This court there held that judicial determination was appropriate even though the exhaustion rule had not been fully complied with and restricted the decision to the facts of the case.
 
 
 7
 It is emphasized that Beaty only permitted relaxation of the exhaustion rule to the extent that the rule required an appeal to the Board for the Correction of Army Records. Beaty does not eliminate the necessity of following administrative remedies specified in the regulations.
 
 
 8
 Therefore, we hold that appellant's failure to pursue his administrative appeal to The Adjutant General precludes habeas corpus relief. Cf. Lockhart v. United States, 420 F.2d 1143 (9th Cir. 1969) en banc; Donato v. United States, 302 F.2d 468 (9th Cir. 1962); Prohoroff v. United States, 259 F.2d 694 (9th Cir. 1958).
 
 
 9
 The decision of the district court is affirmed.
 
 
 
 Notes:
 
 
 [1]
 Beaty had unsuccessfully sought intervention by the Secretary of the Army