**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**James A. TIERCE, Defendant-Appellant.**

**No. 71–2330.**

United States Court of Appeals,
Ninth Circuit.

Feb. 23, 1972.

512

Morris Futlick (argued), Fresno, Cal., for defendant-appellant.

William R. Allen, Asst. U. S. Atty. (argued), Fresno, Cal., for plaintiff-appellee.

Before CHAMBERS, KOELSCH and JERTBERG, Circuit Judges.

PER CURIAM:

James A. Tierce was convicted of failing to report for induction into the armed forces of the United States [50 U.S. C. App. § 462(a)]. On this appeal he urges as the sole ground for reversal of the judgment that the trial court erroneously refused to consider the validity of his I–A classification. We agree.

The trial court, although recognizing that Tierce had duly appealed his I–A classification to the State Board, held in substance that Tierce lacked standing in the criminal proceeding to challenge such classification, because he had not first complied with the local board's order to report for induction and thereupon refused to submit.

It is true that this court, in Soranno v. United States, 401 F.2d 534 (9th Cir. 1968), held that a registrant was precluded from tendering improper classification as a defense in a criminal prosecution unless he "reached the brink" of induction and refused to submit; but the Supreme Court held otherwise [395 U.S. 461, 89 S.Ct. 2013, 23 L.Ed.2d 444 (1969)] and set aside our judgment on the authority of McKart v. United States, 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969), a case decided the previous month. In *McKart* the Court had rejected brinkmanship as a precondition of such a defense.

The judgment is reversed and the matter is remanded for new trial.