**HYDROTHERM, INC., Plaintiff,**
v.
**BASTIAN–MORLEY CO., Inc. and Charles Tisch, Defendants.**
**No. 61–C–814.**

United States District Court
E. D. New York.
June 14, 1962.

Emil Scheller, New York City (Kane, Dalsimer & Kane, New York City, of counsel), for defendants, in support of motion.

Harry Price, New York City, for plaintiff, opposed.

DOOLING, District Judge.

Defendants move, in an unfair competition case, to dismiss the action for improper venue and insufficiency of service of process as to the corporate defendant and for general insufficiency as to the individual defendant. While the complaint refers to a patent, implies its infringement and prays for a holding of validity and infringement, it does not seem to be insisted that an infringement action could be lodged here or would reach out to embrace the individual defendant (28 U.S.C.A. §§ 1400(b), 1694; Fourco Glass Co. v. Transmirra Products Corp., 1957, 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786; Cutler-Hammer Mfg. Co. v. Curtis & Carhart, Inc., 2d Cir. 1924, 296 F. 117; Bulldog Electric Products Co. v. Cole Electric Products Co., 2d Cir. 1943, 134 F.2d 545, 547–58).

Plaintiff a New Jersey corporation complains that defendant Bastian-Morley Co. Inc., an Indiana corporation, has "put out" a boiler that pirates the appearance of plaintiff's gas heated hot water boiler, an appearance that, plaintiff says, has come, secondarily, to imply origin of the article with plaintiff. Service of process on the corporate defendant

was made in Garden City at the individual defendant's dwelling by giving the individual defendant copies of the summons and complaint for the corporation as well as copies for himself.

Bastian-Morley has no office in this area. It has employed defendant Tisch as a salesman since January 1, 1961 and Tisch solicits business for it in this area. His duties are those normal to sales solicitation. He enjoys no discretionary or managerial responsibilities; what business he develops he cannot bind; it is subject to home office approval. Save for Tisch and his samples Bastian-Morley has nothing whatever here of personnel or of property. It effects sales to customers here by shipping goods into this district; to other parts of this state, outside this district, it delivers goods by its own trucks—"isolated shipments".

It must now be unimportant to decide whether a corporation is amenable to suit in one or another district; if it is incorporated in a state of the United States, it is suable in some district court and, federal jurisdiction having been invoked, all that remains is to ascertain the appropriate district; Goldlawr, Inc. v. Heiman, 1962, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39, ought to make that clear. The consequence of that is, as Judge Friendly considered, that 28 U.S.C.A. § 1391 most certainly must be read purely as a venue statute freed of the occultism about amenability to process. Jaftex Corporation v. Randolph Mills, Inc., 2d Cir. 1960, 282 F.2d 508, 518. At minimum, considerations appropriate to venue determinations must dominate where, as here, the defendant's disputed "residence" is relied on both to establish the forum for trial and the validity of the service of process; the probably minimal standards governing amenability to process (Cf. e. g., Nash-Ringel, Inc. v. Amana Refrigeration, Inc., S.D. N.Y.1959, 172 F.Supp. 524, 527–528) are, really, irrelevant; there is no point in trying to decide whether Bastian-Morley can be served in this district when it is obvious that there is no venue here as to it. That venue requires more than amenability to process ought to follow from no more than the bare perception that amenability to process is only of moment where plaintiff wants to sue in the venue of plaintiff's own residence. Where plaintiff foregoes that, then nothing that the law has an interest in protecting remains except to select an appropriate defendant's venue. Amenability to process is not, in such an inquiry, even involved. The idea of an identity in standards is too elusive (E. g., Champion Spark Plug Co. v. Karchmar, S.D.N.Y. 1960, 180 F.Supp. 727, 731; compare Clifton Products, Inc. v. American Universal Ins. Co., S.D.N.Y.1959, 169 F. Supp. 842, 846; Carter v. American Bus Lines, Inc., D.Neb.1959, 169 F.Supp. 460, 465, 466, 469–470; Geo-Physical Maps v. Toycraft Corp., S.D.N.Y.1958, 162 F. Supp. 141, 146; and Farr's Inc. v. National Shoes, Inc., E.D.Pa.1960, 191 F. Supp. 803, 805). Nor can a significant relevant role be assigned to 28 U.S.C.A. § 1693; despite its noble lineage, it seems now vestigial of a lost meaning.

As to defendant Tisch, as it happens, the complaint is insufficient as to him (see its par. 10); doubtless that is an inadvertence of draftsmanship easily remedied if the suit is to be pressed here as to Tisch. Summary judgment is not appropriate.

It follows that the action must be dismissed as to Bastian-Morley unless plaintiff elects, by the form of order it chooses to settle on notice, to accept a transfer to the Indiana district court. The complaint is dismissed as to Tisch with leave to amend.

Settle order on notice within five days.